BERNHARD LUECKEN

v.

MICHAEL WUEST.

*Real Property—Trespass—Boundary Line—Way—Adverse Possession.*

1.   A prescriptive right to the use of a way can not be acquired by use, if it is crossed by a gate and the key is kept by the person claiming title.

2.   In an action of trespass, it being claimed that the defendant had wrongfully entered upon and plowed a strip of land, this court holds that the evidence sustains the judgment for the plaintiff.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. ALEXANDER FLANNIGEN and TURNER & HOLDER, for appellant.

To maintain trespass *quare clausum*, there must have been an actual possession in the plaintiff when the trespass was committed, or a constructive possession in respect of the right being actually vested in him. 3 Bl. Com. 210; 4 Kent, 120; Campbell v. Arnold, 1 John. 511; Dean v. Comstock, 32 Ill. 173.

Constructive possession is where the plaintiff has the legal title to vacant or unoccupied lands, which draws to it the possession. This is called seizin in law. Van Rensselaer v. Van Rensselaer, 9 John. 378; Fort Dearborn Lodge v. Klein et al., 115 Ill. 177.

There is no constructive possession of disputed boundary lines. Where there is an actual adverse possession by one, there can be no constructive possession acquired by another. 3 Washb. on Real Prop. 128; Tiedeman on Real Prop. 695; Smith v. Wunderlich, 70 Ill. 426; Barber v. Trustees, etc., 51 Ill. 398.

Twenty years' open, public and visible possession, hostile to all the world, claiming ownership, constitutes perfect title. Wood on Lim. 257; Tiedeman on Real Prop., Sec. 713; Washburn on Real Prop., Vol. 2, p. 482; Truesdale v. Ford, 37 Ill. 210.

If a person enters under a deed, and fences 'n more land than his deed covers, he will hold the whole if he keeps up the fence for the full statutory period. Levettenham v. Leary, 18 Hun (N. Y.), 284; Grun v. Murphy, 110 Ill. 74.

A road traveled for twenty years by everybody having occasion to use it, becomes a public highway. Town of Lewiston v. Proctor, 27 Ill. 414.

Messrs. CHARLES P. KNISPEL and JAMES M. HAY, for appellee.

Possession may be proved by showing paramount title, which draws to it the possession in contemplation of law, to the boundary line of the tract, if it is occupied by another, or it may be shown by proving actual occupancy of a portion

of the tract, with a deed under which the possession is held, and in such case the deed proves or explains the possession as extending to the lines called for by the deed. Winkler v. Meister, 40 Ill. 349; Welch v. Louis, 31 Ill. 446.

It is the acknowledged principle of law in the United States that "Possession follows the ownership, unless there be an adverse possession."

The visible and exclusive appropriation and use of a part of a tract of land, claiming the whole under color of title, or a deed purporting to convey the whole, is in law the actual possession of the entire tract, except so far as "adverse possession" may exist. Keith v. Keith, 104 Ill. 397; Brooks v. Bruyn, 18 Ill. 539; Hardisty v. Glenn 32 Ill. 62; Bowman v. Wettig, 39 Ill. 417; Barber v. Trustees, 51 Ill. 398.

Actual possession not necessary if the plaintiff is the owner in fee. Smith v. Wunderlich, 70 Ill. 426; Van Rensellaer v. Radcliff, 10 Wend. 640.

Constructive possession is when a man claims to hold by virtue of some title, without having the actual occupancy; as, when the owner of a lot of land, regularly laid out, is in possession of any part, he is considered constructively in possession of the whole. 2 Bouvier's Law Dict. 352; Morrison v. Kelly, 22 Ill. 610.

The doctrine of constructive possession is that a deed of land shall, so far as the grantee is concerned, be a substitute for a substantial and permanent inclosure. Chandler v. Spear, 22 Vt. 388; Swift v. Gage, 26 Vt. 224.

The proof is clear and uncontradicted that appellee has, and had, the fee-simple title to the land in question. It is further clear and uncontradicted that he had actual, visible possession by inclosure of all that part of survey 115 as platted, and which lies north of the line marked on the aforesaid plats as possessory line of a regularly laid out government survey, and that he claimed title to the whole under said deed and will. On the part of appellee it is further claimed that he had the actual possession of the strip in question; this is denied by appellant, and he claims that he or his landlord have had and have the actual adverse possession of the strip in

Luecken v. Wuest.

question; and this is set up to defeat what counsel concede to be our constructive possession.

The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. No title by such possession can be acquired unless the party has the actual use and occupation of the land. Tyler on Ejectment, 886; Irving v. Bromwell, 11 Ill. 402; Ambrose v. Raley, 58 Ill. 506; McClellan v. Kellogg, 17 Ill. 498.

To constitute an adverse possession sufficient to defeat the right of action of the party who has the legal title, the possession must be hostile in its inception, and so continue without interruption for twenty years. It must be an actual, visib'e and exclusive possession, acquired and retained under claim of title inconsistent with that of the true owner. Turney v. Chamberlain, 15 Ill. 271.

It must be open and exclusive of the rights of all others. Tyler on Ejectment, 865; McClellan v. Kellogg, *supra.*

Or, according to Truesdale v. Ford, 37 Ill. 210, cited by appellant: Whatever may be the character of the occupancy or the improvement, it must still be exclusive. If only used and enjoyed in common with others, or with the public in general, it could not be regarded as hostile to other persons claiming title.

It must be considered as settled, if a series of decisions for sixty years can settle a question, that when the occupant of land produces no written title, but relies solely on possession with an assertion of title, he can retain so much only as he has had under actual improvement and within a substantial inclosure; and the decisions are that the possession must be marked by distinct boundaries. Tyler on Ejectment, 891, 888, 894; Bristol v. Carroll Co., 95 Ill. 84.

If the adverse possession be broken but for a day its effect is entirely destroyed, and, so far as that possession is concerned, it is at an end. Tyler on Ejectment, 910; 3 Wait's Act. and Def. 105.

Tested by these rules of law, appellant has failed to estab-

lish adverse possession in him or his landlord, even if all evidence produced by appellee is excluded. Taking all the evidence together, the preponderance of testimony is in favor of actual possession by appellee.

No inference or conclusion will be drawn in this State, against the owner of land, in favor of the establishment of a public easement over it, from the mere travel across it by the public without objection from the owner. Warren v. Jacksonville, 15 Ill. 236; Gentleman v. Soule, 32 Ill. 271.

An adverse right to an easement can not grow out of a mere permissive enjoyment for any length of time. City of Quincy v. Jones, 76 Ill. 231.

On the contrary, this strip, by permission of Wuest, the owner in fee, being used as a common drive-way by others as also by himself, his possession was not thereby impaired. Under such circumstances, their use of the strip is not adverse to, but strictly in subordination to his right of possession. Winslow v. Cooper, 104 Ill. 235.

PHILLIPS, J. An action was commenced by appellee against appellant before a justice of the peace for trespass, in wrongfully entering upon and plowing the land of appellee. On appeal to the Circuit Court, and trial before the judge without a jury, the defendant was found guilty and damages assessed at $25; from that judgment this appeal is prosecuted. The appellee claims he had title to the *locus in quo*, and was in possession of the same; this is denied by appellant, and the claim is made that he or his landlord have had, and have, the actual adverse possession of the land in question.

The preponderance of the evidence shows that appellee, for more than twenty years, claimed the disputed strip of land, and exercised acts of ownership over it; put up gates or bars across it; that he cleared a part of it and plowed it. His acts were open, actual and exclusive. From the evidence we fail to find such acts of ownership exercised by appellant or his landlord over this land.

It is, however, insisted that over this strip of land in controversy, there was a public highway. The evidence shows

that for access to his fields and for the convenience of his neighbors, this strip of land was used as a highway; but while so used, for many years the appellee kept a gate across the road, which was locked, and persons desiring to pass through would get the key to unlock the gate.

The appellee testified that the road was closed by a gate "until since the stock law, some twelve, thirteen or fourteen years ago." The road has, from this evidence, not been open so that the public could claim the same by prescription against the appellee.

The possession of appellee being thus shown, and the acts of appellant proven, appellant was guilty.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*