GEORGE E. BONE, APPELLEE, v. CHARLES B. JAMES, APPELLANT.

FILED OCTOBER 22, 1908. No. 15,317.

Easements: LICENSE: PRESCRIPTION. The defendant and a former owner of a farm used a private road over and across land owned by the plaintiff, in order to reach said farm. Such use commenced in 1884, and continued without interruption up to about the time this action was commenced, in December, 1906. Defendant claimed a right of way over the plaintiff's land acquired by prescription, and refused to shut the gates maintained at the north and south boundaries of the plaintiff's land where the roadway entered the plaintiff's premises; whereupon the plaintiff replaced the gates with a permanent fence, which the defendant tore down and destroyed. The action is injunction to prevent the trespass. The evidence discloses that the use of this roadway was commenced by permission or license of the plaintiff, and so continued up to a short time prior to the commencement of this action, when the defendant first asserted a right to the roadway by prescription. *Held,* That use of the roadway under a naked license from the plaintiff could not ripen into a prescriptive right, however long continued.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*I. L. Albert* and *John C. Watson,* for appellant.

*D. W. Livingston, contra.*

DUFFIE, C.

The plaintiff and appellee is the owner of the west half of the northeast quarter of section 4, and the east half of the northeast quarter of section 5, in township 8, of range 14, Otoe county, Nebraska. The defendant and appellant is the owner of adjoining land on the north. Plaintiff's land had been inclosed with a fence for 20 years or more prior to the commencement of this action. Defendant purchased his land from one Meredith some three or four years ago. Prior to the purchase Meredith occupied the

land, and, as we understand the record, obtained access thereto by traveling north on the section line, or practically on that line, from the south boundary of plaintiff's land to its northern boundary. At a later date the plaintiff planted an orchard on the east side of the east half of the northeast quarter of section 5, the south line of the orchard being located some distance south of the half way point between the north and south boundaries of his land, and Meredith then traveled from the south boundary of plaintiff's land along the section line until the orchard was reached, when the road or lane was deflected to the west along the south line of the orchard, and then almost due north to the north line of plaintiff's land. When Meredith first commenced to use this way to his land, bars were maintained at the north and south entrance, and these bars were afterwards replaced by gates which were kept closed whenever plaintiff's cattle were allowed to run in his fields. It is not claimed that the road in question is a public highway, but it is insisted that defendant has acquired an easement therein by prescription. Some time in the fall or winter of 1906 the defendant refused to close the gates at the north and south end of this traveled way, and, upon such refusal, the plaintiff erected a fence across the gateway at the north line of his land, which on one or more occasions was taken down by the defendant, who insisted that he had a right of way over the plaintiff's land which should be open to him at all times, and thereupon the plaintiff brought this action to enjoin the defendant from trespassing upon his premises. The district court upon the final hearing of the case entered a decree making the injunction perpetual, from which decree the defendant has appealed.

The law is well settled that the burden is upon the party claiming an easement on the land of another "to prove the facts essential to the acquisition of a prescriptive title; but proof of an uninterrupted use for the necessary period without evidence to explain how it began raises a presumption that it was adverse and under a

claim of right, and the burden is upon the owner of the land, if he relies on such a defense, to show that it was by virtue of some license, indulgence, or agreement inconsistent with the right claimed." 14 Cyc. 1196, and authorities there cited. Meredith testified that he moved onto the land now owned by the defendant in 1884, and that the road or way has been in use since that date. If this way was used by the plaintiff and his grantor under a claim of right, it is clear that such use has continued for a time sufficient to establish an easement by prescription; but, if the use of this way was commenced and continued by license or permission had from the plaintiff, then no right by prescription could be acquired, however long such use was continued. It is important, therefore, to determine whether the use of this way over the plaintiff's land was under a claim of right and adverse to Bone's ownership of the land, or whether it was by license or permission obtained from him.

The only evidence upon that question was given by the plaintiff and by Meredith. Being asked to explain how Meredith came to go across the land, the plaintiff said: "Mr. Meredith had some land right north of me and he had some timber on it, and he had to go out and around Mrs. Hibbard's, and he asked me if I would mind his going through the place to get his timber, and I said 'No,' and I let him go through. I let him go either way he was a mind to. The fact of the business is that they was coming by the front of my house too much in the winter time. When it was a very bad snow, I would let him come up in front of the house, and then I got in my fence a little way in order to let him have more room. He said if I would take down a short piece of my fence and let him go through, it would be better, and I did it. They couldn't get around Mr. Rouse's place there. If it was blocked up down there, I let them go up in front of the house." Mr. Meredith testified that he first commenced using the road in 1884, and that, it being so long ago, he does not remember any conversation which he had with the plaintiff

about it.  He further testified that, when a change was made in the road, he broached the matter of a change, and the plaintiff made no objection to it.  On cross-examination he was asked the following question: "And you used it by permission of Mr. Bone?  Answer.  Yes, of course, it went through his land."  He further testified that he did some work upon the road, and, being asked if the work which he did was not for the use of it, he replied: "Just for the benefit of it."  Relating to the gates at the north and south end of the road, Meredith testified that he first used bars, and that the gates were put in as they were handier, that no one requested him to keep the gates closed, but that he always closed them when plaintiff had stock in his fields, as he knew they should be kept closed to confine the stock.

It is quite apparent from the whole testimony that the use of this road or way was commenced and continued by Meredith under license or permission from the plaintiff, and that no claim of right was ever asserted until made by the defendant a short time prior to commencement of this action.  As stated in *Atchison, T. & S. F. R. Co. v. Conlon,* 62 Kan. 416, 53 L. R. A. 781: "Mere use under a naked license, however long continued, cannot ripen into a prescriptive right."  In that case the railroad company constructed a crossing over its tracks and ties, and put gates in its fences for the benefit of the party owning land on both sides of the right of way, and this crossing was used by such owner for more than 15 years, during all of which time the railroad company maintained said crossing and gates.  Under these circumstances, the supreme court of Kansas held that the landowner was a mere licensee, and could not, by the use of the crossing for the time stated, obtain a prescriptive right to the same.

The record as a whole makes it clear that the decree of the district court was right, and we recommend an affirmance of its judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.