JOHN MOLL, APPELLANT, V. ADOLPH HAGERBAUMER ET AL.,
APPELLEES.

FILED FEBRUARY 26, 1915.  No. 17,938.

Easements: PRESCRIPTIVE TITLE. Where the use of a "way" is permissive, and the access to it is through a gate, which is kept locked and under the control of a third party, there is no such adverse right as may become the foundation of a title obtained by prescription.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE.  *Affirmed.*

*C. E. Abbott,* for appellant.

*F. W. Button,* contra.

HAMER, J.

The plaintiff, John Moll, appeals from a decree of the district court for Dodge county, Nebraska.  He brought the suit to enjoin the defendants, Adolph Hagerbaumer and Charlotte Hagerbaumer, his wife, from maintaining fences interfering with the use by the plaintiff of what he claimed as a private way and easement.  The plaintiff claimed to have owned for more than 40 years the right of ingress to a certain tract of land owned by him, and to reach which it was necessary to travel across the defendants' land.  The plaintiff filed his petition June 19, 1911.  He claimed that for more than 40 years he had, by himself and through his grantor, owned in fee simple and been in possession of the east half of the northeast quarter of the northeast quarter of section 25, township 19, range 8, Dodge county, Nebraska, together with a private way and easement eight feet wide extending from the north line of said land northerly across the east half of section 24, township 9, range 8, and connecting with the public road in the south one-half of the northwest quarter of section 19, township 19, range 9, all in Dodge county, Nebraska.  He alleged title by mesne conveyances, and also by adverse

possession, of both the land and said "way" for more than
40 years.  He also alleged that for more than 40 years
immediately preceding the filing of his petition the said
private "way" had been the only means of ingress to and
egress from the said small tract of land above described
as belonging to him.

The land belonging to the plaintiff is a small tract.  It
appears that there were a number of small tracts of land,
containing usually about ten acres, which joined the Ha-
gerbaumer land.  When the Hagerbaumer land was fenced,
these parties who owned the small tracts were obliged to
cross the Hagerbaumer land in order to reach the little
tracts which they owned.  These tracts appear to have
been ten-acre tracts.  In order to go to the land, the gate
which opened into the Hagerbaumer land off the road
would have to be opened.  This gate was kept closed, and
before the gate could be opened it would be necessary to
get the key.  This key was kept at the Hagerbaumer res-
idence, and Moll and the others would go to the Hager-
baumer residence and get the key and open the gate, and
then go to the small tract of land owned and used by
them.  Hagerbaumer himself owned one of these little
tracts of land.  Although Moll had to go to Hagerbaumer's
house to get the key to open the gate, and then had to drive
across Hagerbaumer's land, he claimed that he had a right
to this private way.

The question presented is whether the "way" was owned
by the plaintiff by prescription.  He does not seem to have
purchased it.  He had to get the key which opened the
gate into the Hagerbaumer tract from Hagerbaumer's
house.  It is shown apparently that the right to the pri-
vate road or way was permissive.  If the defendant con-
trolled it by reason of a gate which he kept closed, and
which the plaintiff could only open when he got permission
from the defendant, the right to travel the "way" was per-
missive only.  Wolcott, Geisler and Peters testified that
the right to go over this "way" to the plaintiff's timber
land was permissive.  It seems that the other owners rec-
ognized this right to their timber land as permissive.  These

Moll v. Hagerbaumer.

tracts ran across the Hagerbaumer land and cut it up. They seem to have injured the pasture. If access to these private roads was through the Hagerbaumer gate, which Hagerbaumer kept locked, then there was no right of entrance until Hagerbaumer concluded to give these parties the key. Can an adverse right be founded upon permission of this sort? If the beginning was permissive and the "way" a mere license, then it could not ripen into a prescriptive right, however long it might be continued. *Bone v. James,* 82 Neb. 442; 14 Cyc., 1150. A prescriptive right will not commence to run until some act or fact exists giving the party, against whom it is claimed, a cause of action. *Roe v. Howard County,* 75 Neb. 448, 5 L. R. A. n. s. 831; *McCutchen v. McCutchen,* 77 S. Car. 129, 12 L. R. A. n. s. 1140.

In this case the "way" began permissively. Thereafter there was interruption all the time. The gate was a perpetual notice that the way was permissive. The witnesses all testified that the owner held the key. The fact that there was a gate which permitted egress from the "way" and ingress to it must rebut any claim of adverse user. *Warth v. Baldwin,* 84 S. W. (Ky.) 1148; *Ingraham v. Hough,* 1 Jones' Law (N. Car.) 39; *Luecken v. Wuest,* 31 Ill. App. 506.

To establish a private right of way by prescription, the line of the traveled road must be definite. The practice of passing over land in different directions, however long continued, does not establish a right of way by prescription. 14 Cyc. 1156; *Smith v. Nofsinger,* 86 Neb. 834. The rule that a definite traveled road is necessary to a prescriptive right is a wholesome one. If it were not so, a man's land might be confiscated for roads.

The plaintiff's rights are no greater than the other owners of timber lands. If the plaintiff has a prescriptive right across the pasture, then so have the others, and, as a result, Hagerbaumer's land is confiscated for private roads. In any event we think the plaintiff was a mere licensee.

The judgment of the district court appears to be right, and it is

AFFIRMED.