RUSSELL GERBERDING ET AL., APPELLEES, V. HARLAN G. SCHNAKENBERG ET AL., APPELLANTS.

343 N.W.2d 62

Filed January 13, 1984. No. 83-650.

George D. McArthur, for appellants.

David E. Cording, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Harlan G. and Elvira V. Schnakenberg, husband and wife, and Merlen R. and Rosemary Schnakenberg, husband and wife, the defendants below, appeal from the establishment of a prescriptive easement granting the plaintiffs-appellees, Russell and Marla Gerberding, husband and wife, Michael D. and Nila J. Onnen, husband and wife, and Kenneth E. and Norma L. Schroeder, husband and wife, the right to cross in a north-south direction through the middle of the Schnakenbergs' land. We reverse and remand with directions to dismiss plaintiffs' petition.

All the parties to this action have an interest in Section 23, Township 3 North, Range 4 West, of the 6th P.M., in Thayer County, Nebraska. The Schnakenbergs are the land contract vendees of the northwest quarter of Section 23. Roy Getz, not a party to this action, is the titleholder of this quarter section and is the land contract vendor. Kenneth and Norma Schroeder are the managing directors of a trust which holds the fee title in and to the east half of the southwest quarter of Section 23. Schroeder and his wife owned the land from 1962 until it was placed in trust in 1980. The Gerberdings have an interest, the exact nature of which is unclear, in the west half of the southeast quarter of Section 23. The Onnens own the southeast quarter of the southeast quarter of Section 23. They acquired that interest in 1980 from Fred and Leonard Schmidt.

Each of the three parcels of land in which plain-

tiffs are interested is bisected by the Little Blue River. Access to each of these parcels may be had from a public road. However, in order to reach those portions of the parcels generally lying to the north of the river, one must either cross the river or the adjacent lands lying to the north of these parcels and occupied by the Schnakenbergs or others.

After a dispute arose between the Schnakenbergs and the plaintiffs concerning the latter's crossing over the former's land, this suit was filed.

The Schnakenbergs assign as error the trial court's finding that the plaintiffs have established the necessary elements of a prescriptive easement by evidence which is clear, convincing, and satisfactory.

A suit to confirm a prescriptive easement is one grounded in the equitable jurisdiction of the district court and, on appeal to this court, is reviewed de novo on the record, subject to the rule that where credible evidence is in conflict on material issues of fact, this court will consider that the trial court observed the witnesses and accepted one version of the facts over another. *O'Keefe Elevator v. Second Ave. Properties, ante* p. 170, 343 N.W.2d 54 (1984); *Stricker v. Knaub*, 215 Neb. 372, 338 N.W.2d 757 (1983).

We also bear in mind that the law treats with disfavor a claim of a prescriptive right, and, accordingly, such a claim requires that the elements of such adverse user be clearly, convincingly, and satisfactorily established. *Stricker v. Knaub, supra*; *Hengen v. Hengen*, 211 Neb. 276, 318 N.W.2d 269 (1982). A party claiming a prescriptive easement must show that his user was exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for the full 10-year prescriptive period. *Stricker v. Knaub, supra*; Neb. Rev. Stat. § 25-202 (Reissue 1979).

With these two principles in mind our de novo review of the record reveals these facts. Sometime

prior to 1927 a house sat somewhere on the northwest quarter of Section 23; that is, on the land which the Schnakenbergs are purchasing. Naturally, a private roadway was built to this house. This roadway commenced on about the midpoint of the north boundary line of the northwest quarter, ran south to about the center of that quarter, and then angled in a southeasterly direction to the approximate midpoint of the north boundary line of the east half of the southwest quarter. This roadway, called route A by the parties, was used by the plaintiffs' predecessors in interest for access to the portions of their lands lying north of the river. The predecessors in interest to the Gerberdings and the Onnens had to cross other lands as well to reach those portions of their lands.

In the mid-1960s use of the southeasterly leg of route A was abandoned. Instead, the path which formerly constituted route A was changed by Roy Getz to run directly south from the midpoint of the north border of the northwest quarter to the intersection of the east half and the west half on the northern boundary of the southwest quarter. This change was made by Getz so that more of his northwest quarter could be placed under cultivation. This new pathway is referred to by the parties as route B. In 1976 the Schnakenbergs closed route B because it interfered with their plans to install a well and irrigate the northwest quarter. Thereafter, the Schnakenbergs built, and the plaintiffs used, a roadway which ran north and south along the eastern border of the northwest quarter. This roadway is referred to by the parties as route D.

It is apparent that the Schnakenbergs considered any use of route D to be permissive and that none of the plaintiffs had an easement of right-of-way to use it. That intention aside, it is apparent that none of the plaintiffs have used route D for the requisite period of time to establish a prescriptive easement by adverse use. Therefore, our inquiry is confined to a

determination of whether any of the plaintiffs have a prescriptive easement of right-of-way by route A or B.

The Gerberdings' predecessor in interest to the west half of the southeast quarter was George Heinrichs. The uncontradicted testimony is that Heinrichs asked for and received from Roy Getz permission to use either route A or route B. As such, it is clear that Heinrichs' use was permissive and that he considered it so. The general rule is that if a use begins as a permissive one, it retains that character until notice that the use is claimed as a matter of right is communicated to the owner of the servient estate. *Bone v. James*, 82 Neb. 442, 118 N.W. 83 (1908); *Chalen v. Cialino*, 206 Neb. 106, 291 N.W.2d 256 (1980). This rule is not affected by the transfer of either the licensee's or licensor's title. *Miller v. Pellizzari*, 342 S.W.2d 48 (Tex. Civ. App. 1960); *Sturnick v. Watson*, 336 Mass. 139, 142 N.E.2d 896 (1957); *Johnson v. Hegland*, 175 Minn. 592, 222 N.W. 272 (1928). If the Gerberdings considered their use of route A or B to be under a claim of right, the record contains no indication that such intention was communicated to the holder of the servient estate prior to the filing of this suit. As such, the Gerberdings' claim must fail.

Another rule of law leads to the conclusion that the use of routes A and B by each of the plaintiffs was permissive in character rather than hostile and under a claim of right. While it is the general rule, as plaintiffs argue, that a showing the use has been open, visible, continuous, and unmolested for the prescriptive period raises a presumption that the use was under a claim of right and not permissive, *Masid v. First State Bank*, 213 Neb. 431, 329 N.W.2d 560 (1983), the rule is not without exceptions. When the claimed use is over unenclosed lands, the presumption is that the use is permissive. *Scoville v. Fisher*, 181 Neb. 496, 149 N.W.2d 339 (1967). The same presumption arises when the claimed right-of-

way entails use over a way opened by the landowner for his own purposes. *Allen v. Bank*, 120 Colo. 275, 208 P.2d 935 (1949); *Dooling v. Dabel*, 82 Cal. App. 2d 417, 186 P.2d 183 (1947); *Jensen v. Gerrard et al.*, 85 Utah 481, 39 P.2d 1070 (1935). It is clear from the evidence that route A was used by the owners of the northwest quarter to reach their farm buildings. Route B was created and used by Roy Getz. As such, any use of that roadway by his neighbors is presumed permissive unless, by some act or otherwise, he or his transferee was given notice that the use was being claimed as a matter of right. No such notice was shown by any of the plaintiffs. Consequently, their claims must fail.

The plaintiffs make much of the fact that when Getz was dealing with the Schnakenbergs for the sale of the northwest quarter, he informed the Schnakenbergs that they should keep the drive, presumably route B, open. They assert that this is an indication of Getz's recognition of their right to use route B. In reality, the statement is ambiguous in that respect, since it could just as well indicate a mere wish to continue a permissive use as a neighborly gesture.

Accordingly, we find that the plaintiffs have failed to clearly, convincingly, and satisfactorily establish that their use of the Schnakenberg land to get to portions of their own land was under a claim of right. They are not entitled to a finding that they possess an easement of right-of-way by prescription over the Schnakenbergs' land, and plaintiffs' petition must therefore be dismissed.

The cause is remanded with directions to dismiss plaintiffs' petition.

REVERSED AND REMANDED WITH DIRECTIONS.