MARGARET McDONOUGH, APPELLANT, V. ADELAIDE MEANY ET AL., APPELLEES.

FILED MAY 6, 1922.     No. 21970.

**Easements.** The owner of real estate made simultaneous deeds therefor whereby she conveyed the fee to one party and conveyed an

easement for a right of way across a portion of the ground to an-
other. Neither deed made reference to the other, but the taker of
the fee  had notice that the taker of the easement had been, and
then was, enjoying the use of the right of way, and claimed the
right thereto, and that such right was recognized by their com-
mon grantor. Subsequently she conveyed the real estate to· an-
other, who likewise had notice of the existence of the right of
way deed and the use of the ground by the grantee named therein.
*Held*, that the grantee took the fee title subject to the easement
of the right of way.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Reversed, with directions.*

*Murphy & Winters*, for appellant.

*Jamieson, O'Sullivan & Southard*, contra.

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ.,
RAPER and STEWART, District Judges.

MORRISSEY, C. J.

Plaintiff brought suit in the district court for Douglas
county to have the title quieted and confirmed in her to a
right of way across the south 10 feet of the west 40 feet of
lot 1, block ˙22, of the original plat of the city of South
Omaha, Douglas county, Nebraska. From a judgment in
favor of defendants, plaintiff appeals.

Originally one Mary Fitzgerald owned a plot of land at
the corner of Twenty-fourth and C streets with a frontage
on Twenty-fourth street of 60 feet and a frontage on
C street of 150 feet. She sold and conveyed by war-
ranty deed to plaintiff the south 30 feet of the east 110
feet of this tract of land, and the deed of conveyance was
placed of record and plaintiff went into possession of the
premises and has continuously since that time occupied it
as her home. Subsequently one Katharine Novak and her
husband purchased the remainder of the tract of ground,
and on May 27, 1914, Miss Fitzgerald conveyed the prem-
ises by warranty deed to Katharine Novak. On the same
day Miss Fitzgerald executed and delivered a right of way
deed to plaintiff for the ground in controversy. The record

does not show whether the warranty deed to Mrs. Novak or the right of way deed to plaintiff was first executed, but the deed to Mrs. Novak was first placed of record. May 14, 1919, Mrs. Novak and her husband conveyed to defendants by warranty deed a parcel of the ground theretofore purchased, including the ground covered by plaintiff's right of way deed. Defendants at once went into possession, and subsequently erected a gate across the so-called right of way and have excluded plaintiff from its use.

Defendants claim to be the absolute owners of the ground in controversy by virtue of their deed from Katharine Novak and her husband. The evidence shows that at the time plaintiff purchased the ground whereon she lives .it was agreed between her and her grantor that an alley should be laid out beginning at the southwest corner of the tract where this claimed right of way begins and extending east 40 feet to the property purchased by plaintiff, then extending north to C street, thus giving the property purchased by plaintiff access to the public alley and to C street, as well as to Twenty-fourth street whereon the property fronted. Subsequently the plan to° extend the alley to C street seems to have been abandoned. Plaintiff moved on to her premises in May, 1914. There was then no house on the ground now owned and occupied by defendants, but there was a house on the ground lying between plaintiff's property and C street. The evidence shows that, following plaintiff's establishment of a residence on her property, coal was hauled to her house over the so-called "L-shaped" alley. Trucks were driven in from C street and driven out over the right of way now in controversy, or they were driven in over the right of way from the public alley and were driven out by way of C street, or were driven in over the right of way in suit and driven out over the same route, until after defendants received their deed in 1919. Appellant contends that it is immaterial as to whether the deed from the original owner to the Novaks or the right of way deed to plaintiff was first recorded, if the

Novaks had actual knowledge of plaintiff's claim before making the purchase. It is said the defendants have no greater rights than their grantors would have if still the owners of the property; that plaintiff was in possession and was using the ground in controversy when the Novaks bought, and that the burden is on defendants to show that when their grantors purchased they had no actual knowledge of plaintiff's easement or had no knowledge of facts which would put a prudent person upon inquiry; that it is for them to show that they became *bona fide* purchasers for value without notice of plaintiff's claim.

Appellant's attorneys have made numerous assignments of error, but as the case is to be tried *de novo* in this court we shall not undertake to discuss these assignments, but shall consider the case on its merits and determine the controversy according to our view of the record. Without this right of way there is no means of ingress or egress to the rear end of plaintiff's lot; the lot fronts on Twenty-fourth street and is terraced up several feet above the street; deprived of the use of the right of way, coal and all other material used at the home must be carried up this terrace and across the lawn by the side of the house. Ashes and other waste matter must be carried out over the same route. The evidence sufficiently shows that prior to the purchase of defendants' grantors this had never been done, but such use had been made of the ground in controversy as was necessary in bringing coal and other material to plaintiff's house. This use, to be sure, did not call for any considerable use of the ground, but it was sufficient to show that it was so used. The testimony on behalf of plaintiff so shows, and in addition thereto, from the testimony of Mr. and Mrs. Novak, given on behalf of defendants, it appears that they had knowledge of such use of the ground by plaintiff before they purchased, but they testified that they were assured by their grantor that plaintiff was without legal right to the use of the premises and that her use thereof was permissive only. Their testimony shows also that before they took their deed Mrs. Novak and plaintiff

had a telephone conversation regarding this right of way. There is some conflict in the testimony of these two witnesses as to that conversation. Plaintiff testified that Mrs. Novak called her up and asked "If we had a driveway there. * * * I said, 'Yes.'" Continuing, she testified that Mrs. Novak told her that the record did not so show. Plaintiff testified that, immediately upon being informed by Mrs. Novak that her deed did not cover the right of way, plaintiff went to her attorney, who drafted a right of way deed for the ground, and she took it to her original grantor, who accompanied her to the office of the same notary public, who on the same day took the acknowledgement to the deed conveying the ground in question to Mrs. Novak, and there it was in his presence executed, acknowledged and delivered to plaintiff; that subsequently, and before the Novaks sold the property to defendant, plaintiff had a conversation with the Novaks wherein they sought to effect an exchange of other ground for the driveway in controversy.

In reaching a conclusion as to the rights of the respective parties, we are not bound by their oral testimony alone, but may in determining the weight to be given to the testimony consider the surrounding circumstances and the conduct of the parties. Soon after the Novaks secured their deed they had a wall erected from the northwest corner of plaintiff's lot south along the line between her property and that of plaintiff for 20 feet. It is significant that this wall was not extended to the south line of the lot, but only to the point where it touched this right of way. If the Novaks did not then understand that plaintiff had a right to use this strip of ground, why did they not continue this wall the remaining ten feet to the lot line? The contractor who erected the wall testified that he had directions from Mr. Novak to leave this ten feet unobstructed; that Mr. Novak said "there was a driveway on that ten feet and that it had to be left clear for them to drive through." This witness testified further that, in a conversation had with Mr. and Mrs. Novak with regard to the location of the house they were about to build on the

McDonough v. Meany.

premises soon after their purchase, "they said that, in preparing the plans, we would have to leave that ten foot along there * * * for a driveway." A woman who was living in the house on the property at the time of its purchase by the Novaks testified that Mr. and Mrs. Novak called at her house to inspect the property, and that she had a conversation with them with reference to any right of way that might be on the premises. Her testimony in part is as follows: "Q. What was said by you and by them there as nearly as you can remember? A. Well, as nearly as I can remember, Mr. Novak asked if the lot extended to the terrace there, that would be to that vacant lot, and Miss Fitzgerald had told me to tell any prospective buyers that there was a ten-foot road there or driveway that belonged to Mrs. McDonough next door. Q. Did you tell the Novaks that? A. Yes, sir." This witness testified that Mrs. McDonough had told her that she owned the driveway, and, further, that Mrs. McDonough used the driveway. She testified also that, when Mr. and Mrs. Novak put what the witness designates as the large house (the house now owned by defendants) on the lot, Mrs. Novak said to the witness that she wanted Mrs. McDonough to exchange her ten feet back of the new house (the right of way) for another right of way because the right of way made the lot too short. This witness testified further that the driveway had been surveyed and that the surveyor's stakes were there before the Novaks purchased. The notary public who drew the deeds executed by Miss Fitzgerald showed the property to Mr. and Mrs. Novak before they made the purchase, and he testified that they were informed that there was to be a driveway from C street to give access to the lot owned by Mrs. McDonough, but at the time of the consummation of the sale it was then agreed to change the driveway from the north entrance to the west entrance; and that this conversation was had before the delivery of the deed.

The original owner of all the property had deceased before the controversy arose. Mr. and Mrs. Novak had left

Nebraska, but their depositions were taken and form part of the record. These witnesses testified that while negotiating for the property the owner assured them that plaintiff had no deed to the right of way and had oral permission only for its use. They denied having knowledge at the time of purchase of plaintiff's right of way deed; denied that they ever recognized any right in plaintiff to the right of way.

There is a strong showing as to the damage and inconvenience to defendants in case plaintiff prevails in this litigation; however, that is a matter we are not free to consider. In view of all the evidence, direct and circumstantial, we reach the conclusion that when the Novaks purchased they knew that plaintiff had the right to use this strip of ground as a right of way. They continued to recognize plaintiff's right until the opportunity was presented of making a sale, when, without any reservation in their deed, they conveyed the property to defendants. Defendants, like their grantors, purchased with knowledge of plaintiff's claim to the land, for, in addition to her use of the ground, her deed was of record. They took title subject to plaintiff's easement. See *McParland v. Peters,* 87 Neb. 829, and authorities there cited.

There is testimony which indicates that plaintiff has undertaken to use this ground for purposes other than as a mere right of way. She has no such right. Her right consists only in the reasonable use of the premises for the necessary ingress and egress to her lot. Defendants' house is said to encroach six inches upon the right of way, but this is not such an encroachment as to inconvenience the plaintiff, and while the present building stands defendants will not be disturbed in their use of the ground on which this part of the house is situated. The judgment of the district court is reversed and set aside and the cause remanded, with directions to enter a decree in harmony with this opinion.

REVERSED.