CHRIST POLYZOIS ET AL., APPELLANTS, V. ROSE RESNICK ET AL., APPELLEES.

FILED JULY 29, 1932.    No. 28097.

*Clement L. Waldron, David O. Mathews* and *Chris Harvalis,* for appellants.

*H. L. Mossman* and *Lower & Sheehan, contra.*

Heard before GOSS, C. J., DEAN, EBERLY, DAY and PAINE, JJ., and DICKSON and TEWELL, District Judges.

EBERLY, J.

This is a suit in equity to determine the respective rights of the parties plaintiffs and defendants in and to a certain easement, hereinafter described, and for appropriate relief for alleged violations thereof. There was a decree for defendants. From this decree and the order of the district court overruling the motion for a new trial, plaintiffs appeal.

The easement of right of way in dispute may be described as the east 5 feet of the west 22 feet of the west 65

feet of the south 100 feet of lot 4, and the west 5 feet of the south 100 feet of the east 43 feet of the west 65 feet of lot 4, all in block 5, in Park Place, an addition to the city of Omaha, Nebraska.

There is but little dispute as to the important facts leading up to the litigation. On or before August 7, 1925, one Arthur Theodore acquired the fee simple title to the west 65 feet of the south half of lot 4, and the east 15 feet of the south half of the east half of lot 5, all in block 5, in Park Place, an addition to Omaha, Nebraska. On or about October 21, 1925, Theodore, still being the owner in fee simple of the property above described, entered into a certain land contract with plaintiffs for a definite portion of the tract last described, expressly "reserving to the grantor, his heirs and assigns, an easement for a driveway over and upon the east 5 feet of the said west 22 feet of the said west 65 feet of said lot 4." Contemporaneous therewith, and in consideration thereof, a further verbal agreement was entered into by and between Arthur Theodore and plaintiffs that a similar strip of land adjoining and to the east of the strip of land last described, then owned by Theodore, would be reserved in like manner by him for an easement for a driveway, which lands together constituting a strip 10 feet in width then and thereby were devoted to the present use as an easement for a driveway for the benefit of plaintiffs and Theodore and their respective heirs, grantees and assigns forever. On January 23, 1926, Arthur Theodore, in conformity with the terms of the land contract so entered into, conveyed by warranty deed the premises in the land contract described, which deed contained a reservation of an easement, as provided for in such contract, and in pursuance of the oral stipulation of Theodore, and intended for the purpose of creating a 10-foot easement of right of way. Thereafter the lands as originally acquired by Theodore were further divided and the several portions thereof thus created, all being adjacent to the 10-foot easement of right of way, heretofore described, were severally conveyed to

grantees, pursuant to contracts, and with reservations in the instruments of conveyance substantially identical with those hereinbefore set out and referred to as made by plaintiffs and Theodore; and that plaintiffs herein, together with the grantees of such portions of this tract, from the date of their several conveyances, entered into the enjoyment of the use of the easement thus created, and thereafter continued in practically open and continuous enjoyment thereof down to the interruption made by the defendants which occasioned the commencement of this suit.

It further appears that the right of easement as heretofore described was infringed, and the use of the same interrupted, if at all, by the defendants in that portion thereof which is situated on the following portion of this original tract, viz., the south 80 feet of the east 43 feet of the west 65 feet of lot 4, in block 5, aforesaid. This was accomplished by the erection of a one-story brick building covering the entire premises described, including the easement situated thereon.

The admitted facts of the record in this connection are that the land last described was sold and conveyed by Theodore to Abraham Somberg. Somberg in turn sold and conveyed it to Peter Birbilis and Henry J. Hower. The latter, together with their respective wives, in turn conveyed the premises on January 24, 1929, to Sophia I. Siampaus and Rose Resnick. Sophia I. Siampaus, and her husband, then on March 12, 1929, by warranty deed, conveyed the legal title to the premises above described to Rose Resnick, one of the defendants herein. There is no question under this record that, excepting the Resnicks, wife and husband, all grantees appearing in this chain of title possessed actual and admitted knowledge of the claims of the plaintiffs to this 10-foot easement, and had actual notice of its existence prior to their respective purchases thereof, and thus dealt with the premises on the basis of this condition.

Plaintiffs alleged in their petition that the premises described were conveyed to Sophia I. Siampaus and to defendant Rose Resnick by a deed, and by the terms therein it was made "subject to all conditions of driveway agreements now of record." At the time of said conveyance all parties thereto well and fully knew of the continued existence of the easement above described, and were so informed and notified by said Somberg.

As their answer to these allegations, the defendants Resnick pleaded, "for further answer these answering defendants admit that during the spring of 1929, they erected a one-story brick building on the property described as the south 80 feet of the east 43 feet of the west 65 feet of lot 4, in block 5, in Park Place, the west wall of said building being on the west line of said plot of ground. That at said time these answering defendants had no knowledge or notice that the plaintiffs had or claimed to have any right of easement in or to any of the ground on which said building was erected." The plaintiffs replied by way of a general denial.

The defendant Rose Resnick does not appear as a witness. Her husband, Hyman A. Resnick, testified for defendants. It is quite evident that all business pertaining to the buying of the property was transacted by or for him; that he purchased the land which he took in his wife's name. He admits that Siampaus was interested with him in the proposition from the beginning, and is now; and that in the negotiations with Somberg or Kazakes or Polyzois, said Siampaus was his partner and agent. In this connection Siampaus testifies, in substance, that he had to do with the sale of the property by Somberg; that he transacted the business; that from the beginning he had an interest in the property and still has. He admits that a week or ten days before he bought the property he knew that Christ Polyzois, plaintiff, claimed the existence of the 10-foot easement and that he (Polyzois) was the owner thereof, and that Siampaus personally searched the public records and from this search, in view of the reservation

contained in the deeds, concluded, notwithstanding the claim made, that no legal easement existed. In addition to this plaintiffs, and other grantees of Theodore, were actually, openly and continually using this private way.

An easement in land may be created by parol where the grant or permission has been accepted and fully acted upon by both parties. Where adjoining landowners have orally agreed that a certain strip of land shall be left open for their common use, and for the use of their respective grantees or assigns, and the land has been so used for a considerable period of time, the contract is removed from the operation of the statute of frauds. 27 C. J. 326; *Newcomb v. Royce*, 42 Neb. 323; *Bailey v. Brown*, 125 Kan. 149; *Forde v. Libby*, 22 Wyo. 464.

So, too, one who purchases land with notice, actual or constructive, that it is burdened with an existing easement, takes the estate subject to the easement and will be restrained from doing any acts which will interfere with the benefit and enjoyment of the easement to the full extent to which the party having a right thereto, who has not parted with or impaired the same, was entitled at the time when such purchaser bought. 19 C. J. 939; *Seng v. Payne*, 87 Neb. 812; *Moll v. Hagerbaumer*, 98 Neb. 555; *McDonough v. Meany*, 108 Neb. 496; *De Conly v. Winter Creek Canal Co.*, 110 Neb. 102.

In the instant case the defendants are standing in the shoes of Theodore, a remote grantor, from whom they have derived the title to their purchased lands. They are also beneficiaries to the 10-foot easement for driveway purposes, which was created by this predecessor in title. In the erection of their building, covering the east 5 feet of this driveway, they have not only seriously marred it, but have practically destroyed the use for which it was created to serve. In view of the circumstances here presented, the controlling principle appears to be that this private way is to be regarded as an entire thing, and when divided or extinguished in part by the hostile act of one of the parties an extinguishment of the whole results. This rule has

an added force, when it is remembered that here the act of the defendants is a substantial destruction of the entirety, by rendering its enjoyment in the manner contemplated at its creation an utter impossibility. This case thus necessitates the application of the rule that, "if the owner of the easement by his own act renders the use of the easement impossible, or himself obstructs it in a manner inconsistent with its further enjoyment, * * * the easement will be considered as abandoned." 19 C. J. 950. See, also, *Brown v. Oregon Short Line R. Co.,* 36 Utah, 257; *Wooding v. Michael,* 89 Conn. 704; *Monaghan v. Memphis Fair & Exposition Co.,* 95 Tenn. 108.

We further find that the evidence in the record wholly fails to sustain the contention of the defendants as to the making of the contract by plaintiffs, under which the defendants caused the east 10½ feet of plaintiffs' lot to be paved with concrete, and we further find that upon the abandonment by defendants of their right to participate in the enjoyment of the 10-foot easement for driveway purposes, as hereinbefore determined, the plaintiffs succeeded to the title of their premises wholly relieved from the force and effect of the language of their deed creating and reserving to the grantor (Theodore), his heirs and assigns an easement for a driveway over and upon the east 5 feet of the west 22 feet of the west 65 feet of said lot 4; and that plaintiffs are entitled to have their title and possession of said land quieted, and to have the defendants, their agents, and servants, restrained from passing over and upon the same, or from trespassing over or upon it on any pretext whatsoever.

The judgment of the district court is therefore reversed and the cause remanded, with directions to find for the plaintiffs, and against the defendants, and to quiet the title and possession of the plaintiffs in and to the east 10 1/2 feet of the premises on which plaintiffs now reside (said premises being more particularly described as the east 15 feet of the south 100 feet of lot 5, and the west 22 feet of the west 65 feet of the south 100 feet of lot 4, in block 5,

in Park Place, an addition to the city of Omaha, Douglas county, Nebraska) ; and that a further decree be entered enjoining the defendants, their agents, servants, and representatives from passing over and across any portion of said plaintiffs' premises, or in any manner trespassing thereon; and requiring that the costs of this suit be taxed to the defendants.

REVERSED.