EDWIN C. TOELLE, APPELLEE, v. ALBERT C. PREUSS, APPELLANT.

109 N. W. 2d 293

Filed May 19, 1961. No. 34938.

*H. M. Nicholson,* for appellant.

*Moodie & Moodie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for equitable relief brought by the appellee as plaintiff against the appellant as defendant to enjoin the latter from interfering with the plaintiff's use of an easement across the defendant's land and quieting the title to the easement in the plaintiff. The district court found for the plaintiff and granted the relief sought. The defendant's motions for new trial were overruled and the defendant appealed.

This being an appeal in an action in equity, it is the duty of the court to try the issues of fact complained of de novo and reach an independent conclusion without reference to the findings of the district court. § 25-1925, R. R. S. 1943.

The answer alleged that the plaintiff had abandoned the easement claimed and that it was extinguished. The assignments of error which require consideration are those relating to the finding of the trial court that the easement had not been abandoned and extinguished.

There is very little conflict in the evidence in this case. The plaintiff is the owner of a 144-acre tract of land in Cuming County, Nebraska, which will be referred to herein as the plaintiff's land. In 1949 the plaintiff purchased an 80-acre tract of land lying directly west of the 144-acre tract and north of the defendant's land. The plaintiff concedes that at this time there is no issue before the court with respect to the allegations of the amended petition claiming an easement of way appurtenant to this 80-acre tract. Therefore, it will not be necessary to refer to this 80-acre tract of land again in the opinion.

The defendant owns a tract of land south and west of the plaintiff's land. A county road runs to the southwest corner of the defendant's land. A road or

trail then runs generally northeast from the southwest corner of the defendant's land to a fork. At the fork, one branch runs east to the buildings on the defendant's land. The other branch runs north and then east to a point on the west boundary of the plaintiff's land.

Before 1945 the Elkhorn River crossed the west boundary of the plaintiff's land near the northwest corner of the land and then flowed generally to the east, south, and west, describing a curve or loop and separating the plaintiff's land into two tracts. That part lying west of the river at different times varied in area from 10 to 40 acres. Prior to 1945 the road across the defendant's land was the only means of access that the plaintiff had to his land lying west of the river. The road was used primarily for the purpose of taking cattle to and from this land. The evidence establishes that prior to 1945 the plaintiff had acquired by prescription the right to use the road running from the southwest corner of the defendant's land to that part of the plaintiff's land lying west of the river.

In 1945 the channel of the Elkhorn River was relocated so that it flowed generally south along the west boundary of the plaintiff's land. The relocation was accomplished by a cut made by the plaintiff, together with some of his neighbors, including the defendant. After the 1945 channel change, the plaintiff had no land west of the river and he did not again use the road to take cattle onto his land until 1950 or 1951.

In 1948 the Beemer Drainage District again relocated the channel of the river. The drainage district straightened the channel so that the river now flows generally to the southeast. The river now cuts off the southwest corner of the plaintiff's land leaving a triangular area of approximately 4 or 5 acres south and west of the river which, prior to 1948, had never been west of the river.

If an owner of an easement, by his own act, renders

the use of the easement impossible, or himself obstructs it in a manner inconsistent with its further enjoyment, the easement will be considered as abandoned by him. Polyzois v. Resnick, 123 Neb. 663, 243 N. W. 864. See, also, Mader v. Mettenbrink, 159 Neb. 118, 65 N. W. 2d 334; Williams v. Lantz, 123 Neb. 67, 242 N. W. 269.

The plaintiff here participated in the 1945 channel relocation which not only obstructed the easement and rendered the use of it impossible, but also eliminated any further use or need for the easement at that time. This act exhibited a clear intention to abandon the easement, and outweighs his direct testimony that he did not intend to abandon the easement and that he used the road between 1945 and 1948 to check on the land and cattle and recover cattle that had forded the river.

There is some evidence that since 1940 there had been discussion about the formation of a drainage district to straighten the channel of the river. However, in 1945 there was no definite plan for relocation of the channel by such a district and the evidence does not show that the plaintiff considered the 1945 channel relocation to be a temporary measure.

We conclude that the evidence establishes that the plaintiff abandoned the easement in 1945 and that it has been extinguished. The judgment of the district court is reversed and the cause remanded with directions to enter judgment for the defendant in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.