RUTH D. SCRIPTER, APPELLANT, v. JOSEPH M. SCRIPTER, APPELLEE.

198 N. W. 2d 201

Filed June 9, 1972. No. 38268.

Thomas L. Anderson, for appellant.

Luebs, Tracy, Huebner & Dowding, James A. Beltzer, and D. Steven Leininger, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and STUART and BUCKLEY, District Judges.

STUART, District Judge.

The plaintiff, Ruth D. Scripter, appeals from a decree divorcing her from the defendant, Joseph M. Scripter. The two assignments of error briefed and argued relate to granting defendant custody of the minor child of the parties and to the division of the property of the parties.

The parties were married in July 1951, and have one daughter, Shawn Marie, born February 12, 1967. At the time of the divorce, plaintiff was 38 years old and defendant was 44 years old. The trial court awarded the custody of the minor child to the defendant. The evidence showed that the plaintiff suffers from rheumatism and arthritis in her left knee and spine, and calcium deposits in her lower back. She was hospitalized for an undisclosed reason for a period of 10 days shortly before the trial. She had previously done baby sitting, but testified that she was physically unable to perform baby sitting or to take care of children, and that she had been advised by her doctor not to perform any

work and to stay off her feet as much as possible. In addition, the evidence showed a continuous state of untidiness in plaintiff's home, either through plaintiff's physical incapacity or for other reasons. In contrast defendant is healthy, is regularly employed, and appears energetic and resourceful.

"In determining the question of who should have the care and custody of children upon divorce, the paramount consideration is the best interests and welfare of the children." Phillips v. Phillips, *ante* p. 89, 195 N. W. 2d 160.

This court, in the case of Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647, citing Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667, stated: " 'We have, of course, given weight to the findings and judgment of the trial court. The decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining the best interests of children in custody proceedings.' We have further recently said in Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544, with reference to the scope of judicial review of custody orders by this court as follows: 'The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence.' "

In reviewing the cold record before us, we can not see that there has been an abuse of discretion. The decree of the trial court awarding custody to the father is correct and is supported by the weight of the evidence.

All of the property of the parties has been accumulated by them since the date of the marriage. Plaintiff

inherited between $7,000 and $8,000 at the death of her father in 1964 or 1965. The defendant received a workmen's compensation settlement of $6,000 in 1965. At the time of the divorce the parties owned property having a net value of approximately $20,000. The trial court awarded the plaintiff a 1966 Chevrolet Caprice automobile, a residence at 933 South Eddy Street in Grand Island which was purchased in 1964 for $8,000 and is now rented for $100 per month, two cemetery lots worth $200, and the household goods now in her possession. Although the value of the various goods is not set forth in the evidence, it would appear that the trial court awarded plaintiff slightly more than one-half of the total net holdings of the parties.

Actions in equity on appeal to this court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. See Keenan v. Keenan, 187 Neb. 686, 193 N. W. 2d 568.

We are unable to find any abuse of discretion on the part of the trial court and on trial de novo find that a fair and just division of the assets was made by the trial court. No error appearing in this record, the judgment of the district court is affirmed.

AFFIRMED.