RONALD PINNEY, APPELLEE, v. HAROLD HILL, APPELLANT.
218 N. W. 2d 212

Filed May 16, 1974. No. 39304.

Thomas O. David, for appellant.

Laurence N. Smith and Samuel C. Ely, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Harold Hill, defendant, appeals from a decree of specific performance requiring him to execute the necessary documents to register eight quarter horse colts and to pay $1,500 damages to Ronald Pinney, plaintiff. We affirm.

Plaintiff had a registered quarter horse stallion under his management and control. Defendant was the owner of 10 registered quarter horse mares. Early in 1969, the parties entered into an oral agreement whereby plaintiff paid defendant $1,000 and the defendant leased the 10 mares to plaintiff for breeding purposes. Plaintiff was to own the colts. The mares produced eight colts.

The rules of the quarter horse association require the owner of the mares as well as the owner or lessor of the stallion to sign breeding certificates to make the colts eligible for registration. When proper documents are received at the quarter horse headquarters in Amarillo, Texas, the colts would be registered.

Plaintiff alleged it was understood and agreed by the parties that the defendant would sign any and all papers necessary to register said colts with the American Quarter Horse Association. Plaintiff made several different attempts over a period of 2 years to obtain the necessary papers from the defendant. He procured the

necessary forms for defendant's signature, but defendant failed and neglected to execute the forms.

The record indicates defendant was the owner of another quarter horse stallion and a breeder of quarter horses. He was at all times familiar with the procedure required to register thoroughbred colts.

While the contract herein was oral, it had been performed fully by plaintiff and partially by defendant. The real point in issue raised by defendant is whether or not plaintiff proved that he agreed to furnish the necessary papers to enable plaintiff to register the colts. It is obvious from the nature of the transaction the requirement to furnish the necessary documents would be an implied condition of the contract. The trial court so found. Defendant admits the contract except for the agreement to sign the necessary form. We affirm the granting of specific performance.

Specific performance of a parol contract will be enforced by a court of equity where one party has wholly and the other party partly performed it, and its nonfulfillment on the one hand would amount to a fraud on the party who has fully performed it. Kofka v. Rosicky (1894), 41 Neb. 328, 59 N. W. 788.

Plaintiff has had possession of the colts since October of 1970. This case reached trial July 20, 1973. During this period plaintiff was forced to feed and maintain the colts but was unable to use them as show horses or to sell them because they were not registered. The trial court determined that his special damages in this respect amounted to $1,500. The record supports this allowance.

Actions in equity on appeal to the Supreme Court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict the court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testi-

fying, and must have accepted one version of the facts rather than the opposite. Scripter v. Scripter (1972), 188 Neb. 576, 198 N. W. 2d 201.

For the reasons given we affirm the judgment of the trial court.

AFFIRMED.