MAMIE NESTLE, APPELLEE, v. BEULAH WELSH, A SINGLE WOMAN, APPELLANT, IMPLEADED WITH RAYMOND L. NESTLE, APPELLEE.

218 N. W. 2d 544

Filed June 6, 1974. No. 39327.

Joseph J. Carriotto, for appellant.

Ronald Rosenberg of Ginsburg, Rosenberg, Ginsburg & Krivosha and Barney & Carter, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff, Mamie Nestle, brought this action to quiet

title against defendant, Beulah Welsh, to Lot 3, Block 11, Van Dorn Park, Lincoln, Nebraska. Raymond L. Nestle, a joint owner, was joined as a defendant. He prayed for a decree quieting title in the plaintiff and himself. Defendant, Beulah Welsh, by cross-petition sought specific performance of an oral agreement requiring the plaintiff to convey the property to her so that the fee simple title therein would vest in her at plaintiff's death. The trial court quieted the title in the plaintiff and the defendant Raymond L. Nestle, and dismissed the cross-petition of defendant Beulah Welsh. We affirm.

Plaintiff alleged that on or about the 1st day of August 1971, she entered into a verbal agreement with defendant, Beulah Welsh, hereinafter referred to as defendant, whereby said defendant agreed to move in with her; take care of her; serve as companion and practical nurse; pay taxes on her property; furnish food for her; pay for utilities, and generally look after and maintain the plaintiff who was then 86 years of age, so long as the plaintiff might live. In consideration thereof plaintiff verbally agreed to provide that at her death plaintiff's interest in said real estate would vest in the defendant.

Defendant in her answer alleged that plaintiff told her she owned the premises in question and if she would move in with her, stay with her at night, buy the groceries, pay the utilities and taxes on the property, at her death the defendant was to own the fee simple title to said real estate. Defendant's evidence, however, tended to show a contract to make a deed the performance of which was indefinite.

Defendant, who was 57 years of age at the time, was working as a cashier for a local drug store and had had some business experience. No part of the alleged agreement was reduced to writing. Soon after the defendant moved into the home strained relations developed. No purpose will be served by reviewing the evidence but it is clear the parties were not compatible. This is not

strange considering the differences in age and attitudes and the fact that the parties had not been very close previously.

Defendant's evidence established she had fully paid the utilities, had bought most of the groceries used by the parties, and had paid one-third of the 1971 real estate taxes. She had paid nothing on the 1972 or subsequent taxes.

Where a party seeks specific performance of an oral agreement to leave property, that person has the burden of proving performance of the alleged contract by clear and convincing evidence. Peters v. Wilks (1949), 151 Neb. 861, 39 N. W. 2d 793.

In an appeal in equity this court will, in determining the weight of the evidence of the witnesses who appear, consider that the trial court observed the witnesses and their manner of testifying, and accepted one version of the facts rather than the other. Pinney v. Hill (1974), 191 Neb. 844, 218 N. W. 2d 212.

The trial court found the record failed to establish by clear and convincing evidence that any agreement existed between plaintiff and defendant whereby defendant acquired any interest in or to the real estate described as Lot 3, Block 11, Van Dorn Park, Lincoln. Certainly whatever agreement was made was indefinite and uncertain. There is a question as to whether the minds of the parties ever met. Plaintiff's evidence can best be categorized as a promise to convey in the future if defendant rendered satisfactory performance, which included being companionable. Defendant's evidence would indicate an agreement for a survivorship deed in return for which she was to buy groceries, pay utilities and taxes, and stay with plaintiff at night. Defendant argues that she has substantially performed her part of the agreement. She excuses the particulars in which plaintiff claimed there was no performance because of the failure of the plaintiff to cooperate with her. Plaintiff did not tell her what groceries she needed, and did

not present the tax bills to her for payment. Even assuming the agreement was as defendant contends, we do not believe she has met the burden of proving performance by clear and convincing evidence. However, we agree with the trial court that whatever agreement was made was not sufficiently definite and certain to justify specific performance.

Plaintiff prayed for an accounting herein. As the trial court found, both parties made contributions to the living arrangement that were substantially equal. We see no reason to disturb that finding.

For the reasons given, we affirm the judgment of the trial court.

AFFIRMED.