ALVIN R. SPILINEK AND ELLEN SPILINEK, HUSBAND AND WIFE, APPELLANTS, V. RICHARD SPILINEK AND HILDA SPILINEK, HUSBAND AND WIFE, APPELLEES.

326 N.W.2d 170

Filed November 12, 1982. No. 44434.

Robert E. Wheeler of Stowell & Wheeler, P.C., for appellants.

Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellees.

Heard before KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and RIST, D.J., and COLWELL, D.J., Retired.

RIST, D.J.

This is an action in equity to quiet title to real estate, to determine a boundary line, and to determine whether or not a prescriptive easement for a roadway exists upon plaintiffs' land.

Plaintiffs, Alvin R. Spilinek and Ellen Spilinek, are the record owners of the southwest quarter of Section 2, Township 15 North, Range 11 West of the 6th P.M., Howard County, Nebraska. Defendants, Richard Spilinek and Hilda Spilinek, are the record owners of the south half of the northwest quarter in said Section 2. Plaintiffs' north line and defendants' south line is the common boundary between the tracts and is the boundary in dispute. The pre-

scriptive roadway easement claimed by defendants runs generally parallel to the common boundary and on the north side of plaintiffs' property.

Howard County, Nebraska, was made a third-party defendant on the basis that defendants claimed in part that the roadway in issue existed by virtue of a prescriptive easement to the public. The county has not appeared in this court as either appellant or appellee.

Following trial in the District Court, that court entered its order that no public road had been acquired by prescription, that defendants had a prescriptive easement in their own right over the north 34 feet of plaintiffs' property for ingress and egress to defendants' field for general farming purposes, and that the common boundary line in dispute should be that established by original government survey. From such order plaintiffs have appealed, alleging as error the trial court's failure to establish the boundary in accordance with certain fenceposts shown in the evidence, and in finding a prescriptive easement in favor of defendants.

On appeal to this court the matter is considered de novo, subject to the rule that where credible evidence is in conflict on material issues of fact, this court will consider the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Pinney v. Hill,* 191 Neb. 844, 218 N.W.2d 212 (1974).

We note at the outset that defendants assert a right to the prescriptive roadway on two bases: first, a prescriptive public right-of-way; and second, a prescriptive easement in their own right. A party may maintain an action for a prescriptive easement on such alternative grounds, but in such event, in order to sustain an easement of the parties in their own right, it must be shown that such right does not depend upon a similar right in others. *Scoville v. Fisher,* 181 Neb. 496, 149 N.W.2d 339 (1967); *Svoboda*

v. *Johnson,* 204 Neb. 57, 281 N.W.2d 892 (1979).

A de novo review of the record justifies the following findings of fact: Defendants purchased their land in 1948 and from that time until 1979 used the roadway in question in their farming operations without interference. Plaintiffs acquired their land in 1979 and shortly thereafter sought to block defendants' use of the roadway, resulting in this dispute. The roadway has apparently existed since before the turn of the century. There is some evidence it was used in part with respect to a country school once located in the southeast corner of defendants' property, which school was abandoned in the 1920s. Thereafter, the roadway was used by defendants and their predecessors in title incident to their farming operations. The evidence is in dispute as to any public use, and with respect to the use incident to the school, there was evidence it was used only by the tenants of a predecessor in title to plaintiffs' land. Suffice it to say at this juncture, the record is such that the trial court was justified in finding no public prescriptive use, a finding with which we agree.

The evidence further reflects that presently the roadway is well defined with an elevation at various points, particularly near the west end, of several feet above the adjoining fields on each side, and that the width of such roadway is 34 feet. The defendants have used the roadway for farming purposes, particularly in the spring and fall, without interference for over 30 years. Such use was continuous and open and was known by plaintiffs and their predecessors in title. Plaintiffs' evidence suggesting a permissive use falls short of meeting plaintiffs' burden of rebutting the evidence of adverse use by defendants. See *Hopkins v. Hill,* 160 Neb. 29, 68 N.W.2d 678 (1955). We conclude from the evidence that defendants' use of the roadway was adverse and under a claim of right by them for farm use as determined by the trial court, and that the width of

said roadway of 34 feet is appropriate.

The evidence reflects such use by defendants as meets the criteria for a prescriptive easement by adverse user as set forth in many decisions of this court. See *Hopkins v. Hill, supra,* as representative of such holding. However, with respect to the description of the road's location, we modify the trial court's order as hereinafter set forth.

The trial court established the boundary line between the lands of the parties according to the original government survey thereof. The record does not reflect any such survey was ever made. Additionally, the evidence is clear that the parties and their predecessors regarded and acquiesced in a fence line along the north side of the road as marking the common boundary between the tracts, and have so treated this line for more than 30 years. The evidence reflects the parties agree that the fence was established along a line now marked by certain existing fenceposts; one is a corner post at the southeast corner of defendants' land, and two others are midway between such point and the western terminus. The evidence also shows that there now exists near the west end of the boundary line and in the southwest corner of defendants' property a corner post which is the northeasterly post of two posts that are, in turn, north and east of a culvert in the public road running north and south along the west line of both properties, which corner post is located 5 feet north of the line between the properties. Said east corner post, the two midway posts, and the point 5 feet south of the west corner post above described fairly establish the line between the properties of the parties.

Such line having been used and acquiesced in for more than 30 years is, under the evidence, the boundary line between the properties and should be so established. Accordingly, the order of the trial court should be modified to reflect the same and that

such line is the north line of the east-west prescriptive roadway hereinbefore determined and extending 34 feet in width to the south. Said easement should be so described.

We therefore affirm the judgment of the trial court with the modification of the location of the boundary line between the lands of the parties as set forth in this opinion and the location of the prescriptive easement with respect thereto.

The cause is remanded for entry of an order and decree in accordance herewith.

AFFIRMED AS MODIFIED.