BENNIE MEHLING ET AL., APPELLANTS, V. ARTHUR DEINES
ET AL., APPELLEES.

214 N. W. 2d 627

Filed February 7, 1974. No. 39142.

Lyman, Meister & Olsen, for appellants.

Robert L. Gilbert, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This action arose out of a dispute concerning a drainage ditch. The plaintiff, Bennie Mehling, and his wife own the north one-half of the southwest quarter of Section 27, Township 24 North, Range 57 West of the 6th P.M., in Sioux County, Nebraska. The defendant, Arthur Deines, and his wife own the south one-half of the same quarter-section.

There is a large drainage ditch known as the "Dutch Flats Drain" which runs along the south edge of the defendant's property. An extension ditch on the defendant's property runs north from the Dutch Flats

Drain to the edge of a railroad embankment and then diagonally to the northwest, south of and along the railroad. There is a dispute as to whether the extension ditch extended into the plaintiff's property prior to 1965. In that year, employees of the Pathfinder Irrigation District entered the defendant's property, cut a fence between the plaintiff's and the defendant's land, and "pulled" the ditch over to a culvert or tube under the railroad track north of the defendant's property.

In 1970, the defendant sustained crop damage from irrigation waste water draining from the plaintiff's land through the extension ditch. The defendant complained to the Pathfinder District and was advised the extension ditch was not a part of the works of the district and the district would have nothing further to do with it. In April 1971, the defendant closed the ditch. This action was commenced on May 21, 1971, to compel the defendant to reopen the ditch so that it would provide drainage for the plaintiff's land.

Much of the evidence in this case is in conflict. On the appeal of an action in equity when credible evidence on material questions of fact is in conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Messersmith v. Klein, 189 Neb. 471, 203 N. W. 2d 443.

The plaintiff's theory of the case is that he had acquired an easement by prescription to drain water from his land through the extension ditch on the defendant's land. Although an easement may be obtained by prescription, a prescriptive right is not looked on with favor by the law. Wemmer v. Young, 167 Neb. 495, 93 N. W. 2d 837; State ex rel. Game, Forestation & Parks Commission v. Hull, 168 Neb. 805, 97 N. W. 2d 535. To establish an easement by prescription there must be proof by clear and convincing evidence of an adverse use under claim of right that was continuous,

notorious, open, exclusive, with knowledge and acquiescence of the servient owner for the full prescriptive period. Scoville v. Fisher, 181 Neb. 496, 149 N. W. 2d 339; Kuhlmann v. Platte Valley Irr. Dist., 166 Neb. 493, 89 N. W. 2d 768.

The plaintiff's evidence in this case does not satisfy the requirement that it be clear and convincing. The record shows there was much confusion concerning the extension ditch on the defendant's land. The evidence is in conflict as to when the ditch was constructed; how far it extended from the Dutch Flats Drain; and whether the plaintiff or his predecessors in title made any use of it before 1965. There is little or no evidence as to who constructed the ditch originally.

The defendant's land was subject to a reservation contained in the original government patent for rights-of-way for canals and ditches constructed or to be constructed by the United States. The record shows that both the plaintiff and the defendant originally believed the extension ditch was a ditch of the Pathfinder District, the successor to the Federal Bureau of Reclamation. This controversy arose after the district disclaimed any interest in the extension ditch.

The record further shows it had been a general practice in the area to use Pathfinder drainage ditches to dispose of irrigation waste water. Use of the ditch by the plaintiff on the assumption it was a Pathfinder ditch and the district permitted such use would be permissive and not an adverse use under claim of right. See Weisel v. Hobbs, 138 Neb. 656, 294 N. W. 448. A use by express or implied permission or license cannot ripen into an easement by prescription. Scoville v. Fisher, *supra*.

The evidence shows the natural slope or course of drainage in the area is generally from north to south and floodwaters on the plaintiff's land will eventually flow onto and across the defendant's land if they are

of sufficient quantity. The land, however, is relatively flat and there is no pronounced depression or natural drainageway across the defendant's land. As we view the record it does not support the plaintiff's claim that a natural drainage course or watercourse existed across the defendant's land. In this regard we have considered the fact that the trial court viewed the premises.

We conclude the proof failed to establish a prescriptive right in the plaintiff for drainage across the defendant's land. The judgment of the District Court is affirmed.

AFFIRMED.

SMITH, J., not participating.