STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT, v. RAYMOND L. KILBERG ET AL., APPELLEES.

223 N. W. 2d 665

Filed December 5, 1974. No. 39411.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., Gary R. Welch, and Dale Babcock, Jr., for appellant.

Smith, Smith & Boyd and Norris G. Leamer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The State of Nebraska, Department of Roads, commenced this injunction proceeding to enjoin the defendants from encroaching upon a certain strip of land allegedly held by the State for public highway right-of-way purposes, and to require the defendants to remove fencing, a sign, and any other property from the disputed strip. The District Court found generally in favor of the defendants, and that the evidence was insufficient to establish plaintiff's right to the disputed strip, and dismissed plaintiff's petition.

The strip of land involved in this controversy is located on the north side of U. S. Highway No. 20 in Section 29, Township 29 North, Range 9 East of the 6th P.M., Dakota County, Nebraska. The defendants' claims stem from a warranty deed dated November 23, 1965, from Philip F. Verzani. The deed conveyed the west 22 rods of the northeast quarter of the northeast quarter of Section 29, Township 29 North, Range 9 East of the 6th P.M., Dakota, County, Nebraska "subject to right-of-way of U. S. Highway 20 which occupies the south

33 feet of this tract." U. S. Highway No. 20 runs generally east and west at this point. The right-of-way is 66 feet wide, 33 feet on either side of the centerline. As it crosses the portion of Section 29 immediately south of the defendant's property, U. S. Highway No. 20 is angling slightly to the south. At a point immediately south of the east line of defendant's property, the centerline of U. S. Highway No. 20 is approximately 64 feet south of the south line of the northeast quarter of the northeast quarter. Twenty-two rods to the west, at a point south of the west line of defendant's property, the centerline of U. S. Highway No. 20 is approximately 72 feet south of the south line of the northeast quarter of the northeast quarter. The south line of the northeast quarter of the northeast quarter is referred to as the 16th section line in some of the testimony.

The defendants and their predecessors in title, for a period of over 40 years, treated a fence along the north line of the right-of-way actually occupied by U. S. Highway No. 20 as the south boundary of defendant's property. Shortly after the defendants took possession of the property, they tore out the old fence and put in a chain link fence, but the new fence was set back 15 feet to the north to allow for planting trees and shrubbery in the future.

The State contends that a right-of-way for a prior road known as the old Island Road had formerly been located on the 16th section line, but at sometime prior to 1925 the location of the road was changed and moved to the south to the present location of U. S. Highway No. 20. The State introduced in evidence a plat from an old plat book dated approximately 1895 which showed the Island Road on the 16th section line between the northeast quarter of the northeast quarter and the southeast quarter of the northeast quarter. The plat book was not a part of the official records of the county clerk's office. The county clerk testified that all the official records known as road records were in his pos-

session and that there is nothing in the indexing of these volumes that makes reference to that Island Road. The State failed to introduce any evidence of any official action establishing the Island Road, either by consent or by resolution. The State conceded on oral argument that a road on the 16th section line involved here could only be a road by prescription. A number of witnesses who were familiar with both the old Island Road and U. S. Highway No. 20 testified. All but one of these witnesses agreed that the road or roads had always been in the same location with respect to the defendants' property, and that to the best of their recollection, the old road had never been located to the north on the 16th section line. Only one witness indicated that he thought the location of the road had been moved to the south at sometime before the road was graveled or paved, but he conceded that he could not tell how it could have been moved. The evidence is uncontradicted that since 1925 the centerline of that portion of the right-of-way of U. S. Highway No. 20 here involved has remained unchanged in its present location.

The District Court found that the evidence was insufficient to establish any right-of-way on the south boundary line of the northeast quarter of the northeast quarter of Section 29 as alleged by the State, and that the right-of-way held by the State is limited to 33 feet on either side of the centerline of U. S. Highway No. 20, and dismissed plaintiff's petition.

In its brief the State advances a number of theories and rules of law to support its contentions here. All of them rest upon the assumption that a road was established by prescriptive use at sometime in the past, and that it was located for at least 10 years on the south boundary line of the northeast quarter of the northeast quarter of Section 29. To establish a road or highway by prescription there must be use by the general public under a claim of right, adverse to the owner of the land, of some particular or defined line of travel. The use

must be uninterrupted and without substantial change for a period of time necessary to bar an action to recover the land. Dunnick v. Stockgrowers Bank of Marmouth, 191 Neb. 370, 215 N. W. 2d 93. The record is devoid of evidence of actual use of a road by the public for the necessary prescriptive period except at the location now occupied by U. S. Highway No. 20.

The bill of exceptions here contains 487 pages of testimony and 45 exhibits. That record establishes that various individuals at various times have assumed that the road now known as U. S. Highway No. 20 was located on the south boundary line of the northeast quarter of the northeast quarter of Section 29. The evidence is equally clear that that assumption was and is wrong. The evidence is wholly undisputed that the 66-foot right-of-way of U. S. Highway No. 20 has been actually located entirely on the southeast quarter of the northeast quarter of Section 29 for a period of almost 50 years. The evidence indisputably establishes also that in the area involved here, the centerline of the right-of-way of U. S. Highway No. 20 is located some 64 to 72 feet south of the south line of the northeast quarter of the northeast quarter of Section 29. That highway has been paved for over 40 years.

The record is almost as persuasive that any road which has existed in that location, including the Island Road, has been located in exactly the same place as U. S. Highway No. 20. A conclusion that a road was in fact located on the boundary line between the northeast quarter of the northeast quarter and the southeast quarter of the northeast quarter of Section 29, and used for the requisite prescriptive period, necessarily rests on assumptions of fact which are not only unsupported, but actually contradicted by the record. Like ghosts, assumptions disappear in the light of factual reality.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.