JULIUS E. SMITH, APPELLEE, v. LAWRENCE BIXBY, APPELLANT.

242 N. W. 2d 115

Filed May 26, 1976. No. 40332.

Edmund Hollstein, for appellant.

Albert W. Crites of Crites, Shaffer & Slavik, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an action to enjoin the defendant from obstructing or blocking a road running through the de-

fendant's property in the unincorporated Village of Ellsworth, Sheridan County, Nebraska, and for damages for an assault and destruction of personal property by defendant. The decree of the District Court as modified declared the existing road to be a public road; restrained and enjoined the defendant from blocking or barricading the road or interfering in any way with its use; and awarded plaintiff judgment of $662.37 for damages resulting from the assault on plaintiff and destruction of his personal property. The defendant has appealed.

The defendant, Lawrence Bixby, is the owner of Block 1 in Ellsworth, Nebraska, a small unincorporated village located in Sheridan County, Nebraska. Defendant acquired the property sometime between 1947 and 1952. The trail road in dispute here entered Block 1 near the southeast corner and ran generally northwestward through the block. A bowling alley is located on the west side of the road in the northerly portion of the block, and the defendant's house and garage are located across the road on the east side. The road has been there since the early 1900's, and has been used continuously by the plaintiff and by the public to travel to and from the Village of Ellsworth to points north and northwest of the village. At one time it was a freight road. In the 1920's it was used as a mail route. In general, it was the main road until State Highway No. 27 was constructed and oil strips were put in around Ellsworth in the early 1950's. Since that time the plaintiff and another ranch family who own ranch property northwest of the village have been the principal persons who continue to use the road. The plaintiff has used the road since 1945 to travel to and from his ranch, and to haul cattle, hay, and supplies. The road was not regularly maintained by Sheridan County, although its road crews had done some work and grading on it at least once in the early 1970's. In recent years the plaintiff Smith and LeRoy Louden, who both own ranches northwest of the village, have done most of the mainte-

nance work on the road. The road is the only way plaintiff can get to his ranch without going through someone else's pasture.

There was no interference by anyone with the use of the road until 1974. In May 1974, the defendant decided to close the road because the winds had been especially strong and sand from the road would blow onto his lawn and around his home. He parked a truck on the east side of the road and placed logs across the traveled part of the road. For a while the plaintiff and Louden went around the logs and occasionally used other ways to get to their property. After talking to a lawyer, the plaintiff and Louden took a tractor and feed sled, picked up the logs from the road, pulled a post out of the middle of the road, and started to put some hay on the road to help prevent erosion. At that point the defendant came out with a shotgun, threatened the plaintiff, fired his shotgun and hit and destroyed the rear tire on plaintiff's tractor. This lawsuit followed. The court granted a temporary injunction pending trial.

After trial, the District Court declared the road to be a public road established by prescription. The court, however, granted the defendant an option to accept the existing road or to construct a new road 20 feet in width which would cross Block 1 in a more westerly direction and leave it on the west boundary line at a point approximately 200 feet south of the northwest corner of the block. The court then ordered that whichever option the defendant selected, that road would be the public road, and the court enjoined and restrained the defendant from blocking or barricading it, and from interfering in any way with its maintenance or use. The court also awarded plaintiff judgment for $662.37 as damages resulting from the assault on plaintiff and the destruction of his personal property.

Following the filing and argument of a motion to vacate and modify, the District Court modified its original decree by voiding and deleting the option and elec-

tion to construct a new road. The court declared the existing road to be the only public road over and through Block 1, found and fixed the width of the right-of-way at 20 feet wide, 10 feet on either side of the centerline, and directed that a surveyor accurately establish the centerline and file the plat in the office of the county clerk, with a copy of the decree. The permanent injunction was affirmed as to the existing road, and the award of damages and all other provisions of the original decree were continued in full force and effect.

The defendant contends that the use of the road was permissive only and therefore the public never acquired any rights to the road. There is simply no evidence in the record, aside from defendant's own testimony, that will support that contention. No witness who testified as to the use of the roadway had ever asked permission from anyone, nor was there any evidence of any kind that anyone had ever objected to the use of the road before the incidents involved here. It might well be said that the evidence in this case established a prescriptive public use and the existence of an easement for a public road before the defendant became the owner of his property.

Where the evidence establishes the open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right. In such a case the owners of the servient estate, in order to avoid the acquisition of an easement by prescription, have the burden of rebutting the prescriptive right by showing that the use was permissive. See Hopkins v. Hill, 160 Neb. 29, 68 N. W. 2d 678. In the case before us, the defendant's evidence is wholly insufficient to establish permissive use or to rebut the evidence that the use of the road was adverse and under claim of right.

To establish a road or highway by prescription, there must be use by the general public under a claim of right adverse to the owner of the land of some particular or

defined line of travel. The use must be uninterrupted and without substantial change for a period of time necessary to bar an action to recover the land. Where the use of an easement has been adverse, notorious, and uninterrupted for the statutory period, it will be presumed to have been under a claim of right. The owner of the servient tenements is charged with knowledge of such use and acquiescence in it is implied. Dunnick v. Stockgrowers Bank of Marmouth, 191 Neb. 370, 215 N. W. 2d 93. See, also, Scoville v. Fisher, 181 Neb. 496, 149 N. W. 2d 339.

The defendant contends that even though the public may have used the road for the requisite period of time to establish a prescriptive right, nevertheless, it had been abandoned as a public road for more than 10 years because the regular users of the road are now reduced to the plaintiff and Louden and their families, and irregularly by persons interested in traveling to and from their ranches. The defendant cites no authority, nor do we find any, to support the contention that when only a few members of the public use a road regularly, the road may be deemed abandoned. Neither is there any authority to support the proposition that public rights acquired by prescription are lost or abandoned because of a substantial reduction in the number of members of the public who continue to make use of the rights previously acquired.

Some issues have been raised as to the width of the right-of-way determined by the trial court, and the extent of the prescriptive easement for road purposes. In State ex rel. Game, Forestation & Parks Commission v. Hull, 168 Neb. 805, 97 N. W. 2d 535, this court said: "The extent and nature of an easement is determined from the use made of the property during the prescriptive period. The width of a public highway acquired by prescription or dedication must be determined as a question of fact by the character and extent of the use or the amount dedicated to public use. * * * If the

public has acquired the right to a highway by prescription, it is not limited in width to the actual beaten path but the right extends to such width as is reasonably necessary for public travel." In this case the trial court saw and heard the witnesses and the evidence supports the trial court's determination of the width of the road.

The defendant also contends that the amount of damages is excessive to the extent it exceeds $162.37, which was the value of the tractor tire destroyed. The evidence, however, also establishes without contradiction an assault on the plaintiff with a shotgun. The judgment for damages includes $500 for that assault and the evidence supports the judgment.

The defendant's remaining assignments of error are without merit. The judgment of the District Court is affirmed.

AFFIRMED.