BILL B. SVOBODA, APPELLEE AND CROSS-APPELLANT, V.
THOMAS D. JOHNSON AND RUTH M. JOHNSON,
APPELLANTS AND CROSS-APPELLEES.

281 N. W. 2d 892

Filed July 17, 1979.   No. 42031.

David E. Cording, for appellants.

Leonard J. Germer and Lance J. Johnson, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, BRODKEY, and HASTINGS, JJ., and WHITEHEAD, District Judge.

BRODKEY, J.

Plaintiff, Bill Svoboda, instituted this action in the District Court for Thayer County, seeking an order granting to himself, other adjoining landowners, and the general public, an easement by prescription for the use of a roadway across defendants, Thomas and Ruth Johnson's property; and also for an order establishing an easement for a waterline under and across the same property. He also sought an order for the removal of a gate built by defendants across the same property, and a permanent injunction to prevent the defendants from interferring with the easements sought.

After the trial to the court without a jury, the District Court entered its findings and orders on February 21, 1978. The trial judge found that by prescription the plaintiff had a waterline easement and a private roadway easement for his own and his invitees' use over defendants' property. He also ordered that the defendant remove the gate across the roadway and that the defendant should be enjoined from interferring in any way with the plaintiff's use of the easements. The court also found that the plaintiff failed to prove that a public easement existed over defendants' property. Defendants then perfected this appeal, and the plaintiff cross-appealed from the District Court's finding that the plaintiff failed to prove an easement for the use of the general public.

For the purpose of visualizing the various tracts of land involved in this case, and for a better understanding of the issues involved, we have prepared a plat reflecting the evidence introduced during the trial with reference to these matters.

Plaintiff and defendants are the owners of neighboring tracts of land located in and near Hebron,

Nebraska. Plaintiff Svoboda owns the property as shown on the plat referred to. Defendants, Thomas and Ruth Johnson, are the owners of tracts 4 and 4 A. Tract 4 A is the property upon which the plaintiff seeks to establish the prescriptive easements. Both the plaintiff and defendants trace the ownership of their respective properties to one J. E. Shearer, who in 1910 purchased an 80-acre tract of land containing all of the property east of U. S. Highway No. 81, except for the lot on the northwest corner of the plat. J. E. Shearer operated a gravel pit on this property until sometime in the early 1940's. Access to the gravel pit was obtained by a roadway which entirely occupied tract 4 A. Before J. E. Shearer died in 1950, he sold tract 4 to one Herb Braasch who built a service station on the tract, the building being located approximately 10 feet from the boundary line between tracts 4 and 4 A. Traffic entering or leaving from the service station crossed over tract 4 A, although there is no evidence in the record that express permission was ever obtained from J. E. Shearer or his heirs. In October of 1974, the defendants became the owners by purchase of tract 4, including the service station upon the land.

J. E. Shearer died in 1950. His estate (or his heirs) sold separate tracts of land located in the gravel pit area to various purchasers. In 1962, plaintiff's father bought the property shown on the plat. He used the land for raising horses. In November of 1976, the senior Svoboda made a gift of that property to his son, Bill B. Svoboda, the plaintiff herein. Tract 4 A served as the only road for the senior Svoboda and the plaintiff to gain access to their property. Also, plaintiff's father, in 1962, installed a waterline under tract 4 A to service his property. Other adjoining landowners were also using tract 4 A for access to their properties.

It appears that defendant, Thomas Johnson, built a carwash operation behind his service station, but

experienced difficulty with water draining off of tract 4 A, the roadway. In contacting the city of Hebron for assistance in improving the drainage off of tract 4 A, he discovered that J. E. Shearer's estate, or decedent's heirs, still owned tract 4 A. In November of 1975, Johnson purchased tract 4 A and received a warranty deed for the land signed by decedent's heirs, his three sons, and their wives. Thereafter, in March of 1977, Johnson built a fence across tract 4 A with a 14-foot gate in it. The gate was never locked and the plaintiff has been able to open the gate to drive back to his property without interference by the defendants.

Shortly after the gate was erected, plaintiff Svoboda contacted the defendant, Thomas Johnson, to obtain a permanent easement across tract 4 A. Johnson refused to give plaintiff a permanent easement, offering instead a year's lease. At that time Svoboda stated that he claimed a permanent easement over tract 4 A.

Tract 4 A ends near the barn located on plaintiff's property, to the east of defendants' property. Plaintiff's property is bounded on the south by a county road as shown on the plat. There is evidence in the record that the soil is sandy, that the surface has gullies, and that in bad weather it would be impossible to drive onto the Svoboda property without prior preparation of the land for a road, although a road from the county road was never considered because plaintiff had been using the road on tract 4 A and a new road was not needed. Svoboda testified that it would be impractical and would necessitate the expenditure of money to build a road across his property from the county road to the barn.

The defendants have advanced four arguments in an attempt to defeat the plaintiff's claim of an easement by prescription. Defendants contend the plaintiff failed to prove: (1) That his use of tract 4 A was "exclusive;" (2) that his use was exercised

under a "claim of right;" (3) that the plaintiff's use was by "permission;" and (4) that the plaintiff did not perform any acts which would bring his claim of right to the defendants' attention or knowledge.

We conclude the evidence in the record establishes that an easement was created in favor of plaintiff's father because of his use of the road for over 10 years, and that easement was by law transferred to the plaintiff when his father subsequently gave him the property. Further, the defendants, as purchasers of tract 4 A, took tract 4 A subject to that easement, and should be restrained from doing any acts which would interfere with the plaintiff's full use of the easement as it existed at the time the defendants bought tract 4 A. Polyzois v. Resnick, 123 Neb. 663, 243 N. W. 864 (1932).

The general rules applicable to prescriptive easements are well settled in Nebraska, and are set out in Jurgensen v. Ainscow, 155 Neb. 701, 53 N. W. 2d 196 (1952), as follows: "The use and enjoyment which will give title by prescription to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. It must be adverse, under a claim of right, continuous and uninterrupted, open and notorious, exclusive, with the knowledge and acquiescence of the owner of the servient tenement, for the full prescriptive period. * * *

"To prove a prescriptive right to an easement, all the elements of prescriptive use must be generally established by clear, convincing, and satisfactory evidence. * * *

"The prevailing rule is that where a claimant has shown open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right. The owner of the servient estate, in order to avoid the acquisition of the easement by prescription, has the burden of rebut-

ting the prescription by showing the use to be permissive. * * *

"It is presumed, however, that every man knows the condition and status of his land; and if anyone enters into open and notorious possession of an easement therein under a claim of right, the owner is charged with knowledge thereof. * * *." [Citations omitted.] Thus there are six elements which must be established by clear and convincing evidence before an easement by prescription will be found to exist.

First, the claimant's use must be *continuous* and *uninterrupted* for the required period of time. Connot v. Bowden, 189 Neb. 97, 200 N. W. 2d 126 (1972). The claimed easement must have been exercised whenever there was any necessity to do so and with such frequency that the owner of the servient estate would have been apprised of the right being claimed against him. The plaintiff testified that his father consistently used tract 4 A on a day-to-day basis from the date they bought their property in 1962, and that fact was obvious and known to the Shearers. Under section 25-202, R. R. S. 1943, an action for the recovery of title or possession of lands can only be brought within the 10 years after the cause of action shall have accrued. Even disregarding the possibility that when the plaintiff's father bought his property from the Shearers, tract 4 A was already subjected to an easement by necessity, the right to bring an action for ejectment would have commenced in 1962 and would have been barred in 1972.

The second element required to be established by the claimant is that the use was *open and notorious* so that the owner will learn of the use, assuming that he keeps himself informed about the condition of his property. Again the plaintiff's undisputed testimony, that both he and his father used tract 4 A on a day-to-day basis from the date the senior Svoboda

bought his property in 1962, establishes such an open and notorious use.

The third element to be proved is that claimant's use was *exclusive*. In Jurgensen v. Ainscow, *supra*, we stated that: "The term 'exclusive use,' however, does not mean that no one has used the driveway except the claimant of the easement. It simply means that his right to do so does not depend upon a similar right in others. See, 17 Am. Jur., Easements, § 64, p. 976; Thompson v. Bowes, 115 Me. 6, 97 A. 1, 1 A. L. R. 1365; Annotation, 111 A. L. R. pp. 223, 224." See, also, Hopkins v. Hill, 160 Neb. 29, 68 N. W. 2d 678 (1955).

Although the plaintiff claims the public in general has also acquired an easement in tract 4 A, he still maintains that his use was for the purpose of obtaining ingress and egress to his property, and was not dependent upon the use made of tract 4 A by the public. The evidence shows that the public's use was primarily confined to the portion of tract 4 A adjacent to the service station on tract 4. The public has used tract 4 principally for obtaining passage into the service station or the carwash at the rear of the station, although neighboring property owners, to a limited extent, used the road for access to their properties.

The fourth element required to prove a prescriptive easement is that the claimant's use was under a *claim of right*, such that there is no recognition of the right of the owner of the servient tenement to stop the use. In Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976), we quoted from 3 Am. Jur. 2d, Adverse Possession, § 96, p. 177, with reference to the meaning of "claim of right," as follows: " 'Terms such as "claim of right," "claim of title," and "claim of ownership," when used in this connection, mean nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any

semblance or shadow of actual title or right.  * * * Thus, "claim of right" means no more than "hostile" and if possession is hostile it is "under a claim of right." ' "

In Purdum v. Sherman, 163 Neb. 889, 81 N. W. 2d 331 (1957), we discussed what constitutes a claim of right as follows: "It can readily be seen that the intent with which the claimant first took possession of the disputed tract is not ordinarily of too much significance. The title of the true owner is lost by his inaction. It would seem, therefore, that when the possession of the land of another, no matter what the intention may have been in making the first entry, amounts to that which the law deems as adverse to the true owner and such possession continues for the statutory period of limitation of 10 years, the adverse holding ripens into ownership in the absence of explanatory circumstances affirmatively showing the contrary such as occupancy under a lease, an easement, or a permissive use. City of Rock Springs v. Sturm, 39 Wyo. 494, 273 P. 908, 97 A. L. R. 1. See Annotation, 97 A. L. R. 14." In Barnes v. Milligan, 200 Neb. 450, at 456-457, 264 N. W. 2d 186, at 190-191 (1978), we stated, in pertinent part, as follows: "The intent may be either actual or presumed, or inferred from the circumstances. In most cases it is inferred from the circumstances. * * * As the cases make clear, actual assertion of claim of ownership is not necessary."

Although there is no evidence the plaintiff or his father ever asserted a claim to an easement over tract 4 A, *in haec verba*, Dail Shearer, the son of J. E. Shearer who owned tract 4 A before his death, testified that he knew the plaintiff and his father had used tract 4 A as a road since buying their property in 1962; and also that plaintiff's father placed a waterline under tract 4 A in 1962, extending to his property. We conclude that plaintiff's claim was under a "claim of right."

The fifth element which must be established in order to create an easement by prescription is that the claimant's use was *adverse*. In Fischer v. Grinsbergs, 198 Neb. 329, 252 N. W. 2d 619 (1977), we stated: "As long ago as 1912, this court stated in Marjerus v. Barton, 92 Neb. 685, 139 N. W. 208 (1912), that if a person proves uninterrupted and open use for the necessary period without evidence to explain how the use began, the presumption is raised that the use is *adverse and under claim of right*, and the burden is on the owner of the land to show that the use was by license, agreement, or permission. The presumption of adverse use and claim of right, when applicable, prevails unless it is overcome by a *preponderance* of the evidence. Butts v. Hale, 157 Neb. 334, 59 N. W. 2d 583 (1953); Jurgensen v. Ainscow, *supra*." (Emphasis supplied.)

Dail Shearer testified that he had never required anyone to obtain permission to use tract 4 A, nor had he tried to keep anyone off the tract. Defendants argue that a presumption of adverse use by the plaintiff cannot arise because the evidence shows the use by all persons who used the tract was open and visible. Defendants also argue that if no presumption of adverse use has arisen, then, relying upon Scoville v. Fisher, 181 Neb. 496, 149 N. W. 2d 339 (1967), the implied permission of the Shearer family must be found, because the plaintiff never informed the defendants or their predecessors in title of their adverse claim.

We believe that the defendants' reliance on Scoville v. Fisher, *supra*, is misplaced. The plaintiff in Scoville sought to establish an easement over the defendant-owner's lot. The lot was used by the public generally for parking and turning their vehicles around. This court found the use of the lot was permissive and not adverse, and stated the rule to be that a way may be acquired by one person over unenclosed land of another by user or prescription, but

it generally requires some circumstances or act in addition to, or in connection with, the use of the way to indicate the use has been claimed as a right and has not been regarded by the parties merely as a privilege revocable at the pleasure of the owner of the soil. In that case we stated: "We are not unmindful of the general rule stated in Jurgensen v. Ainscow, 155 Neb. 701, 53 N. W. 2d 196, to the effect that a presumption of adversity arises when there has been open, visible, continuous, and unmolested use for the prescriptive period of 10 years. The same contention was made in Stubblefield v. Osborn, *supra*. *The general rule must be interpreted in the light of the facts of each case. * * * Here we have unenclosed land with no defined pathway across it. * * *."* (Emphasis supplied.) Stubblefield v. Osborn, 149 Neb. 566, 31 N. W. 2d 547 (1948), involved an easement over certain unplatted islands in the Platte River, used for hunting purposes. In that case this court recognized the relevancy of evidence of a well-defined road or trail over unenclosed land, stating: "One of the defendants testified that the road down to the river * * * was just a trail through the pasture, angling through the brush with several turns, terminating at the river, and was not a well-defined road; and that he saw no signs of a road leading from the premises to that point. This testimony was rebutted to the effect that the tracks to the river from the Bolton premises were eight to ten inches deep, or from four to six inches deep; that there was not more than one path, and that the plaintiffs always used the same path in going down to the river." For other reasons, however, the court found in Stubblefield that the original entry and use by the claimants was permissive, and affirmed the trial court in denying an injunction. We conclude that even though land may be unenclosed, where there is a well-defined path or roadway thereon, the rule as to a presumption of adverse use applies, and

places the burden on the landowner to establish that the use by the claimant of the prescriptive right was permissive. See, also, 25 Am. Jur. 2d, Easements and Licenses, § 46, p. 457.

In the instant case, there is conflicting testimony as to whether or not tract 4 A was enclosed or at least partially enclosed. There is overwhelming evidence that tract 4 A was a well-defined roadway used by the plaintiff to enter onto his property, using the entire length of tract 4 A for that purpose. It is also clear that the public used only the first 25 to 30 feet for entering or exiting from the service station located on tract 4.

We find that the plaintiff's use was not permissive by defendants or their predecessors in title, and that there exists in this case a presumption of adverse use by the plaintiff. Because of such presumption of adverse use, there was no need for the plaintiff to make any specific, overt statements to the defendants, claiming the right to travel over their property. Defendants have failed to rebut this presumption.

Finally, in Hopkins v. Hill, 160 Neb. 29, 68 N. W. 2d 678 (1955), we held that *acquiescence* on the part of the owner is necessary in order to acquire a prescriptive easement, and that acquiescence means, "passive assent or submission, quiescence, consent by silence. See, Dartnell v. Bidwell, 115 Me. 227, 98 A. 743, 5 A. L. R. 1320; Davis v. Wilkinson, 140 Va. 672, 125 S. E. 700; Jurgensen v. Ainscow, *supra.*

"If such user has been for the requisite time open, notorious, visible, uninterrupted, and undisputed under claim of right adverse to such owner, he is charged with knowledge of such user and his acquiescence in it is implied. See, 2 Thompson Real Property (Perm. Ed.), § 512, p. 94, cases under note 18, also § 510, p. 89; Hester v. Sawyers, 41 N. M. 497, 71 P. 2d 646, 112 A. L. R. 536." The evidence in the record clearly established "acquiescence" by the

defendants or their predecessor in title to the use by the plaintiff of the roadway and waterline.

Plaintiff also argues that he is entitled to an "easement by necessity" under the evidence in this case. However, he has introduced no evidence in the record as to the cost of establishing a road over his own property, or outlet to the county road, nor the comparison of that cost to the value of his property, which would undoubtedly be necessary to determine the necessity for an easement over tract 4 A. See Badura v. Lyons, 147 Neb. 442, 23 N. W. 2d 678 (1946). However, since we have found that plaintiff has established his right to a prescriptive easement for his and his invitees' benefit, we need not further discuss that issue.

The trial court found that no easement had been created over tract 4 A for the benefit of the public. Plaintiff has cross-appealed with reference to this issue claiming that the District Court erred in its finding, and argues that a public highway may be established either by prescription or by implied dedication. We have no quarrel with the general rule, but our examination of the record convinces us that the evidence upon this issue is not so clear and convincing as to warrant the finding of a public easement and that the decision of the trial court, based upon conflicting evidence, was correct.

In Pierce v. Rabe, 177 Neb. 745, 131 N. W. 2d 183 (1964), which was an action brought to procure an injunction enjoining the defendants from erecting and padlocking gates or interferring with plaintiff's right to use a road extending east and west through defendant's land, we stated: " 'While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on a material issue,

consider the fact that the trial court observed the witnesses and their manner of testifying.' "

An independent review of the evidence in the record convinces us that the trial court was correct in granting plaintiff a prescriptive right over and across tract 4 A, and also in establishing a waterline easement under tract 4 A, and in its issuing a permanent injunction prohibiting interference with those rights. No errors otherwise appearing in the record, we conclude that the judgment of the trial court must be affirmed.

AFFIRMED.