OPAL J. STURM AND MERLE STURM, HER HUSBAND;
BLANCHE GLADYS JENNINGS AND IVAN JENNINGS,
HER HUSBAND; AND BETHEL L. ZIETTLOW,
APPELLANTS, V.
RAYMOND W. MAU AND BEULAH L. MAU,
HUSBAND AND WIFE, APPELLEES.

312 N.W.2d 272

Filed November 6, 1981. No. 43588.

Baldwin & McKernan for appellants.

Marti, Dalton, Bruckner, O'Gara & Keating, P.C., and Ronald R. Brackle for appellees.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and RIST and CAPORALE, District Judges.

CAPORALE, District Judge.

Plaintiffs-appellants seek to establish, by prescriptive easement, a road in favor of the public across land owned by the defendants-appellees.

The trial court denied plaintiffs any relief and dismissed their petition. For the reasons set forth hereinafter, we reverse the judgment of the trial court.

In this equity action it is our duty to try the issues de novo upon the record and reach an independent conclusion without being influenced by the findings of the trial court, except, where the credible evidence is in conflict, to give weight to the fact that the trial court saw the witnesses and observed their demeanor while testifying, that it inspected the premises, and that its examination constituted evidence tending to influence belief or unbelief of the matters at issue in the case. Neb. Rev. Stat. § 25-1925 (Reissue 1979); *O'Neill Production Credit Assn. v. Mitchell, ante* p. 206, 307 N.W.2d 115 (1981); *Schmidt v. Chimney Rock Irrigation Dist., ante* p. 1, 305 N.W.2d 888 (1981); *Sullivan v. Hoffman,* 207 Neb. 166, 296 N.W.2d 707 (1980).

A prescriptive right is not looked upon with favor, and generally must be proved by clear, convincing, and satisfactory evidence. *Svoboda v. Johnson*, 204 Neb. 57, 281 N.W.2d 892 (1979); *Fischer v. Grinsbergs*, 198 Neb. 329, 252 N.W.2d 619 (1977); *Mehling v. Deines*, 191 Neb. 287, 214 N.W.2d 627 (1974).

To establish a road or highway by prescription, there must be a use by the general public, under a claim of right adverse to the owner of the land, of some particular or defined line of travel, and the use must be uninterrupted and without substantial change for 10 years, the period of time necessary to bar an action to recover the land. Neb. Rev. Stat. § 25-202 (Reissue 1979); *Smith v. Bixby*, 196 Neb. 235, 242 N.W.2d 115 (1976); *State v. Kilberg*, 192 Neb. 661, 223 N.W.2d 665 (1974); *Dunnick v. Stockgrowers Bank of Marmouth*, 191 Neb. 370, 215 N.W.2d 93 (1974).

Ordinarily, where a claimant has shown open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right. Under such circumstances, the owner of the servient estate, in order to avoid acquisition of an easement by prescription, has the burden of rebutting the presumption by showing the use to have been permissive. *Svoboda v. Johnson, supra; Fischer v. Grinsbergs, supra; Smith v. Bixby, supra; Dunnick v. Stockgrowers Bank of Marmouth, supra*. The above-stated general rule is subject to an exception. The presumption of adverse use does not arise when a prescriptive easement is claimed over land which is unenclosed and which has no defined pathway across it. *Svoboda v. Johnson, supra; Stubblefield v. Osborn*, 149 Neb. 566, 31 N.W.2d 547 (1948). See, also, 4 H. Tiffany, Law of Real Property § 1196.1 (3d ed. 1975).

It is with the foregoing standard of review and principles of law in mind that we review the evidence to determine whether, as claimed by plaintiffs, the trial court erred in finding that the public's use of the

pathway was neither adverse nor under a claim of right.

Until the early 1950s, north-south Highway 53 lacked a bridge across the Little Blue River in the area of the juncture of Sections 23, 24, 25, and 26, Township 3 North, Range 1 West of the 6th P. M., Thayer County, Nebraska. From 1934, at the latest, to 1950, at the earliest, the general public, without permission from or interference by anyone, used an east-west pathway, 20 feet wide, across land owned by the defendants and their predecessors in title. The route began at a point adjoining plaintiffs' land, thence eastward along the north boundary line of the northeast quarter of said Section 26 and south boundary line of the southeast quarter of said Section 23, to a point joining Highway 53. There have been minor variations in the course of the way over the years due to the inherent nature of the area traversed, and due to rains, floods, and natural causes and conditions. The origin, terminus, course, location, and use of the route remained substantially unchanged.

Since the Highway 53 bridge was built, travel over the route has diminished. The pathway has been used mostly for farming operations, and by hunters and fishermen. Since about 1967 some travelers have asked permission to use the road and some have paid consideration to defendants for its use; others have done neither. In about 1977 defendants padlocked a gate which existed at the east end of the pathway when they purchased the land in 1959.

The record is silent as to whether defendants' predecessors in title gave permission for travelers to cross their land by the route in question. However, the evidence clearly, convincingly, and satisfactorily establishes that the user was open, notorious, visible, continuous, and unmolested from at least 1934 to 1950, a period in excess of 10 years. Therefore, the crucial question becomes whether the presumption of adverse use arises. We find it does.

Since at least 1912 this court has held to the view that

open, continuous, and unmolested use of a roadway across the premises of another for a period fo 10 years gives rise to a presumption that the user was under a claim of right, and that where one seeks to close a way over his land which has been enjoyed by his neighbor for such a period, he has the burden of showing that the use was permissive. *Majerus v. Barton*, 92 Neb. 685, 139 N.W. 208 (1912). The most recent application of that rule is found in *Svoboda v. Johnson*, 204 Neb. 57, 281 N.W.2d 892 (1979), which granted private easements, but denied a public one. Defendants, on the other hand, rely on three cases in which an exception to the general rule was applied. Defendants argue that those three cases hold that the presumption does not apply when dealing with unenclosed land and that those cases control the disposition of this case. They do not control. In the first case relied on by defendants, *Connot v. Bowden*, 189 Neb. 97, 200 N.W.2d 126 (1972), the court ruled that the evidence failed to establish a roadway easement across adjoining land, not because the presumption did not apply but because the use was not shown to be continuous and uninterrupted for the required period of time. Another case relied upon by defendants, *Stubblefield v. Osborn*, 149 Neb. 566, 31 N.W.2d 547 (1948), involved unplatted islands used for hunting purposes. In denying claimant an easement, the court ruled the evidence established the original entry and use was permissive. It is true that in the third case, *Scoville v. Fisher*, 181 Neb. 496, 149 N.W.2d 339 (1967), we denied a prescriptive easement over an unenclosed and open town lot, stating that evidence land is unenclosed is sufficient to rebut the presumption of adverse use. However, as observed in *Scoville*, the general rule must be interpreted in light of the facts of each case. In *Stubblefield*, there was no defined pathway across the unenclosed land; in the case at bar there is such a defined pathway. The result in this case is ordained by *Svoboda v. Johnson, supra,* which stated the applicable rule to be that "even though land may be unenclosed,

where there is a well-defined path or roadway thereon, the rule as to a presumption of adverse use applies, and places the burden on the landowner to establish that the use by the claimant of the prescriptive right was permissive." *Id.* at 67-68, 281 N.W.2d at 900.

In this connection, defendants argue that the trial court erred in refusing to receive in evidence certain exhibits which they claim would have constituted conclusive evidence that the user was permissive. The exhibits to which they refer tend to show that in 1945, 1950, and 1951, Thayer County paid to one of defendants' predecessors in title $20 on each of three occasions and $25 on one occasion either as rent for a "roadway" or for "right-of-way." On April 1, 1952, Thayer County paid the same predecessor in title $50 for "Release of Agreement." Even if it were to be assumed that the payments were for permission to use the pathway, receipt of the exhibits into evidence would not have changed the resolution of the permissive use issue. The payments were not made until after the full 10-year prescriptive period. Thus, if it were error to have sustained the objections to receipt of the exhibits, it was harmless error. Error may not be predicated upon a ruling which excludes evidence, unless a substantial right of the party is affected. Neb. Rev. Stat. §§ 25-853 and 27-103 (Reissue 1979); *Harrigfeld v. Nebraska Liquor Control Commission*, 203 Neb. 741, 280 N.W.2d 61 (1979).

The evidence fails to rebut the presumption of adverse use; we therefore hold that the trial court erred in finding that the public's use of the pathway in question was not adverse.

We must now consider whether the evidence establishes that the user was under a claim of right. We hold that it does. If the initial entry is adverse, an actual claim of ownership is not necessary to establish a claim of right. If adverse possession continues for the required 10 years, the adverse holding ripens into ownership in the absence of explanatory circumstances

affirmatively showing the contrary, such as occupancy under a lease, an easement, or a permissive use; the title of the true owner is lost by his inaction. *Svoboda v. Johnson*, 204 Neb. 57, 281 N.W.2d 892 (1979); *Barnes v. Milligan*, 196 Neb. 50, 241 N.W.2d 508 (1976); *Purdum v. Sherman*, 163 Neb. 889, 81 N.W.2d 331 (1957).

It is not indispensable to the establishment of a highway by prescription that there be no deviation in the line of travel; if the course of travel has remained substantially unchanged for the full period, it is sufficient even though at times, to avoid encroachments, obstructions, or the like, there have been slight changes in the line of travel. *Satterfield v. Dunne*, 180 Neb. 274, 142 N.W.2d 345 (1966); *Pierce v. Rabe*, 177 Neb. 745, 131 N.W.2d 183 (1964).

The evidence establishes that the course of travel across defendants' land has remained substantially unchanged for the full period from 1934 to 1950, more than the 10 years required to establish adverse possession, and, indeed, to the present. That remaining element has therefore been proved.

The fact that there has been a diminution in the number of travelers on the road since the bridge was built in 1950 over the Little Blue River at Highway 53 does not constitute an abandonment of the road. *Smith v. Bixby*, 196 Neb. 235, 242 N.W.2d 115 (1976).

The evidence thus compels a finding that the plaintiffs have established a roadway in favor of the public across defendants' land, 20 feet wide, located as stated earlier in this opinion.

The findings and judgment of the trial court are reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.