LEO MASID, APPELLEE, V. FIRST STATE BANK,
APPELLANT.

329 N.W.2d 560

Filed January 28, 1983.   No. 81-857.

Raymond, Olsen, Coll & Ediger, P.C., for appellant.

James R. Hancock of the Hancock Law Offices, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

CAPORALE, J.

Defendant-appellant, First State Bank, appeals from the order of the District Court which confirms in plaintiff-appellee, Leo Masid, a prescriptive easement of access over certain of defendant's land, prevents defendant from interfering with the use thereof, and enjoins defendant from maintaining certain structures within the easement. We affirm.

Defendant, in summary, contends the trial court erred in (1) finding plaintiff had proved a prescriptive easement, (2) failing to find a nonuser abandonment of any easement which may have existed, and (3) failing to find that an earlier quiet title decree bound plaintiff.

The matter being equitable in nature, it is reviewed in this court de novo on the record, subject to the rule that where credible evidence is in conflict on material issues of fact, we will consider the fact that the trial court observed the witnesses and accepted one version of the facts over another. Neb. Rev. Stat. § 25-1925 (Reissue 1979); *Spilinek v. Spilinek,* 212 Neb. 811, 326 N.W.2d 170 (1982); *Sturm v. Mau,* 209 Neb. 865, 312 N.W.2d 272 (1981).

We find the facts, in accordance with the foregoing rules, as hereinafter set forth. The lot adjacent to the area in question faces east on Broadway Street between 20th and 21st Streets in Scottsbluff, Nebraska. It was purchased by plaintiff's father in 1926 and was acquired by plaintiff in 1955. Broad-

way Street, from 1926 to the present, has been divided by an island which allows ingress and egress to the property from only one direction. A north-south way or alley, approximately 10 feet wide, has existed adjacent to the west edge of plaintiff's lot. Access to this alleyway was by means of a curb cut at its north end on 21st Street. The Masid family lived on the premises from 1926 to 1936 when they moved, during which period they used the alleyway as an additional means of ingress and egress to the premises. For a period of time thereafter the premises were rented to various residential tenants who used the alleyway in the manner used by the Masids. In approximately 1951 the house was removed and the land was rented for use in connection with adjacent property as a car sales lot. This lessee graded the land back to and across the alleyway, placing all of the land at a uniform grade. The alleyway was further used during this time for ingress and egress. Following the car lot operation, the premises were leased by a drive-in establishment which sold gasoline as a part of its operation. During this later period the alleyway continued to be used for ingress and egress. The premises were vacant for a period which may have begun as early as sometime in 1968 to approximately August of 1979 when plaintiff began to construct the commercial office building presently on the premises. This brick block building, which has two rear doors opening onto the alleyway, was essentially built and enclosed by December 13, 1979. Plaintiff occupied this building and used the rear doors through the alleyway beginning in December of 1979. On December 13, 1979, defendant instituted a quiet title action. A decree entered January 15, 1980, quieted title in defendant to the northwest quarter of the block within which the disputed easement and defendant's land are located. Plaintiff was not made a party to the quiet title action; the decree quiets title to nothing other than the literal "northwest fourth" of the block.

The defendant has fenced, paved, and placed an electrical transformer box within the one-half portion of the disputed alleyway adjacent to its property. The fence and transformer box make it impossible for plaintiff to use the one-half portion of the disputed alleyway adjacent to his property as he had in the past.

Prescriptive rights are not looked upon with favor and, generally, must be proved by clear, convincing, and satisfactory evidence. *Hengen v. Hengen,* 211 Neb. 276, 318 N.W.2d 269 (1982); *Sturm v. Mau, supra; Svoboda v. Johnson,* 204 Neb. 57, 281 N.W.2d 892 (1979). The use and enjoyment which will give title by prescription to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. It must be exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for the full prescriptive period. Neb. Rev. Stat. § 25-202 (Reissue 1979); *Svoboda v. Johnson, supra; Fischer v. Grinsbergs,* 198 Neb. 329, 252 N.W.2d 619 (1977); *Jurgensen v. Ainscow,* 155 Neb. 701, 53 N.W.2d 196 (1952). While some of our earlier opinions have included a requirement that the use also be with "the knowledge and acquiescence of the owner of the servient tenement," upon further reflection we now determine that such a requirement is neither necessary nor proper and is now specifically deleted as a requirement for establishing a prescriptive easement.

Our holding in *Fischer v. Grinsbergs, supra,* is largely dispositive of defendant's first assignment of error. We held therein that where adjoining proprietors lay out an alley between their lands, each devoting a part of his land to that way or alley, which is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close that part which is on his own land; and in these circumstances the mutual use of the whole of the alleyway is to be considered to be

adverse to a separate and exclusive use by either. No evidence was adduced to the effect that the way at issue was a public alley dedicated in the customary fashion as such; therefore, the rule in *Fischer* applies to this case. We also said in *Fischer* that where a claimant has shown open, visible, continuous, and unmolested use for the prescriptive period, the use will be presumed to be under a claim of right. The burden then falls upon the owner of the servient estate to rebut that presumption by showing the use to be permissive. That presumption was not rebutted by the evidence in this case. We conclude, therefore, that the evidence clearly, convincingly, and satisfactorily establishes an exclusive use which was under a claim of right, continuous and uninterrupted, open and notorious, for the full prescriptive period. The trial court was therefore correct in determining that an easement by prescription came into existence.

The question now becomes whether that easement was abandoned. Abandonment must be pled and proved, the burden of proof being on the party alleging it. *Agnew v. City of Pawnee City,* 79 Neb. 603, 113 N.W. 236 (1907). Defendant did not plead abandonment, nor does the evidence establish it. It is true the evidence is that the land to which the easement is appurtenant was vacant for a period of 11 or 12 years. However, this circumstance, in and of itself, does not establish abandonment. Nonuser for a period sufficient to create an easement by prescription will raise a presumption to defeat the right, but this nonuser is open to explanation and may be rebutted by proof that the owner had no intention to abandon his easement while thus omitting to use it. An intention to abandon an easement cannot be inferred from the mere fact that the premises to which it is appurtenant were vacant for a period of years in excess of the prescriptive period. *Agnew v. City of Pawnee City, supra.* Unlike *Toelle v. Preuss,* 172 Neb. 239, 109 N.W.2d 293 (1961), the

plaintiff herein did not by his own act render the use of the easement impossible, nor did he obstruct it in a manner inconsistent with its further enjoyment. There is no abandonment in this case, even if defendant were to have pled it.

There remains, then, the question of whether the quiet title decree obtained by the defendant is binding upon the plaintiff. The plaintiff was in possession of the land to which the easement was appurtenant, at least by the time the defendant commenced its quiet title action and certainly during its prosecution. Possession of land is notice to the world of the possessor's rights therein and of all interests which inquiry of the possessor would have revealed. *Durfee v. Keiffer,* 168 Neb. 272, 95 N.W.2d 618 (1959); *Blum v. Poppenhagen,* 142 Neb. 5, 5 N.W.2d 99 (1942). Defendant's argument that though plaintiff was in possession of his land he was not in possession of the easement is imaginative, creative, and without substance. Where one is put on inquiry, he is charged with notice of all facts as he would have learned by a reasonable inquiry. *Swanson Petroleum Corp. v. Cumberland,* 184 Neb. 323, 167 N.W.2d 391 (1969). Due process requires at a minimum that deprivation of property by adjudication be preceded by notice and the opportunity to be heard as is appropriate to the nature of the case. The whereabouts of a possessor of land are known and as such he is entitled to personal notice of any proceeding which may affect his interest in that land. See, *Greene v. Lindsey,* 456 U.S. 444, 102 S. Ct. 1874, 72 L. Ed. 2d 249 (1982); *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). See, also, *Estate of Colman v. Redford,* 179 Neb. 270, 137 N.W.2d 822 (1965); *School Dist. No. 8 v. State Board of Education,* 176 Neb. 722, 127 N.W.2d 458 (1964). The trial court was entirely correct in holding that defendant's quiet title decree did not bind plaintiff.

None of defendant's assignments of error having

merit, the judgment of the trial court is affirmed.

AFFIRMED.